[Sac. No. 479.   Department Two.—May 4, 1900.]

GEORGE P. JOHNSON, Respondent, v. MINA RICA GOLD
MINING COMPANY, Appellant.

ACTION TO QUIET TITLE—TRIAL BY JURY—STIPULATION FOR GENERAL VER-
DICT—ESTOPPEL—CONCLUSIVENESS OF VERDICT.—In an action to quiet
title to a mining claim, alleged to be owned by the plaintiff,
where the answer set up a title by prescription as an adverse
claim, and the only issues raised were upon the answer, where
a jury was impaneled without objection to try the legal issues
raised by the answer, a stipulation by the parties that the jury
might render a general verdict in favor of either party, is legiti-
mate, and estops the unsuccessful party to repudiate the gen-
eral verdict, which is conclusive of the whole case.

ID.—VERDICT IN EQUITY CASE—ACCEPTANCE BY COURT—ADDITIONAL FIND-
INGS—LOCATION OF MINING CLAIM.—In a purely equitable case, the
court is not bound by the verdict, but when it calls a jury to its
aid it may accept the verdict, and make findings in addition
thereto.  Where the title to a mining claim is involved in an
action to quiet title, and a jury is impaneled to try legal issues,
and renders a general verdict by stipulation, the court may ac-
cept the general verdict, and need not make any additional
findings; and it cannot be objected upon appeal that under a
general verdict for the plaintiff there were no findings to show
a location of the mining claim owned by the plaintiff.

APPEAL from a judgment of the Superior Court of Placer
County.  J. E. Prewett, Judge.

The facts are stated in the opinion of the court.

Bruner & Bros., and Pullen & Wallace, for Appellant.

Tuttle & Wright, and F. P. Tuttle, for Respondent.

McFARLAND, J.—The matter involved in this suit is the
ownership of a mining claim.  Judgment went for plaintiff,
and defendant appeals from the judgment, bringing up the
judgment-roll alone, without any bill of exceptions.  Appellant's
contention is that the findings do not justify the judgment, be-
cause they do not find, in detail, all the various facts and acts
necessary to constitute a perfect location by respondent of the
mining claim in controversy.  This contention, in our opinion,
cannot be maintained.

According to the complaint the action is, in form, an action to quiet title. In the complaint it is merely averred that respondent is the owner of the premises, and appellant claims an adverse interest therein which is without right. In its answer appellant denies the ownership of respondent, and avers that "it is, and for more than five years last past has been, the exclusive and sole owner, and in actual and exclusive possession, and entitled to such exclusive possession, of the above-described mining claim." It appears in the judgment that a jury was "regularly impaneled to try the legal issues of the answer tendered by the defendant"; that it was "specially agreed by the attorneys for the respective parties that a general verdict should be returned by the said jury in favor of the plaintiff, or in favor of the defendant"; and that the jury, "having heard the evidence," returned the following verdict: "We, the jury, find a verdict in favor of the plaintiff." The court also found a few facts "in addition to the verdict of said jury," and the position of appellant is that this being an equity case, the verdict of the jury must be entirely discarded, and as, under appellant's contention, the facts found by the court are not full enough to show respondent's title, therefore the judgment must be reversed.

It is not necessary to inquire whether either party in the case at bar was entitled to a jury under the constitution, and in accordance with the principle declared in *Donahue v. Meisler*, 88 Cal. 121, 22 Am. St. Rep. 283, and other cases like it. No such question arises here. Neither party objected to a jury, and it was apparently desired by both parties; and they expressly stipulated that the jury should try the "legal issues" tendered by the answer, and that these issues should be determined by a general verdict "in favor of the plaintiff or in favor of the defendant." This was a perfectly legitimate stipulation. If the parties preferred a general verdict to the submission of a long list of special issues, they had the right to agree to that form of verdict; and having so submitted their case to the jury, the losing party cannot now repudiate the verdict. The verdict disposed of all the legal issues raised by the answer; and as there were no issues, either legal or equitable, other than those raised by the answer, the verdict was conclusive of the whole case in favor of

the respondent. The further findings of the court were unnecessary. The court did not repudiate the verdict; the other findings were expressly stated to be "in addition to the verdict." In section 592 of the Code of Civil Procedure, after an enumeration of the cases in which a jury may be demanded (although the constitutional right to a jury trial could not be thus limited), it is expressly provided that as to issues of fact in other cases the court has "power to order any such issue to be tried by a jury." It is true that in a purely equitable case the court is not bound by the verdict; but when it calls a jury to its assistance it may accept its verdict. In the case at bar, all the issues in the case were sufficiently determined.

The judgment is affirmed.

Temple, J., and Henshaw, J., concurred.