[Civ. No. 754. Third Appellate District.—December 15, 1910.]

SAMUEL BIBBY, Respondent, v. GEORGE W. DIETER, Appellant.

RECEIVER—EX PARTE APPOINTMENT—BOND NOT REQUIRED—VOID ORDER. Under section 566 of the Code of Civil Procedure, if a receiver is appointed under an *ex parte* application, the court, before making the appointment, must require from the receiver the undertaking specified therein; and where a receiver was appointed *ex parte* without first requiring any undertaking, the court had no jurisdiction to appoint a receiver, and its order of appointment is null and void.

ID.—BASIS OF DETERMINATION—EXISTING FACTS.—The order of appointment must be viewed in the light of the facts and circumstances as they existed at the time. The validity of the order must be determined by the proceedings upon which it is based, and it cannot be validated by any subsequent proceeding.

ID.—JURISDICTION TO MAKE APPOINTMENT ASSAILABLE COLLATERALLY— ACTION OF CLAIM AND DELIVERY.—The jurisdiction of the court to appoint the receiver may be questioned collaterally in any action in which the appointment or the alleged receiver's title is involved. In an action of claim and delivery against an alleged receiver, it may be shown that he wrongfully seized possession under a void order of appointment.

ID.—VACATION OF VOID ORDER—RECEIVER DEPRIVED OF SEMBLANCE OF AUTHORITY—JUSTIFICATION DISALLOWED—AUTHORITY TO SUE NOT REQUIRED.—Where the court vacated the void order of appointment, the receiver was thereby deprived of any semblance of authority to retain the possession of property seized thereunder. He can neither justify under the void order, nor insist that authority must first have been granted before suing him in claim and delivery. He thereafter holds the property seized only in his individual capacity, and the true owner may reclaim the same.

ID.—EFFECT OF APPEAL FROM JUDGMENT IN UNLAWFUL DETAINER—VOID. ORDER APPOINTING RECEIVER NOT VITALIZED—RECEIVER NOT A PARTY.—An appeal from a judgment in unlawful detainer, in which a void order appointing a receiver had been made, to which the receiver was not a party, and was between other parties, though an order vacating the same was considered and declared effective, did not have the effect in any way to vitalize the void order, nor did the stay bond on appeal from such judgment have the effect to suspend the void order of appointment of the receiver, which was not appealed from.

ID.—SUBSEQUENT ORDERS VACATING ORDER AND DISCHARGING RECEIVER— ORIGINAL INVALIDITY OF APPOINTMENT UNAFFECTED.—Subsequent orders vacating the original order appointing the receiver and discharging the receiver may be treated as immaterial, where the receiver attempts to justify his possession under the original void order appointing the receiver.

ID.—ACTION OF CLAIM AND DELIVERY—JUSTIFICATION UNDER ORDER OF APPOINTMENT—SHOWING OF INVALIDITY.—In the action of claim and delivery against one who had been appointed as a receiver, where he attempts to justify under his appointment, the plaintiff has the right to show its invalidity to sustain the action, and to overcome his right of possession.

APPEAL from a judgment of the Superior Court of Lassen County. H. D. Burroughs, Judge.

The facts are stated in the opinion of the court.

Louis P. Boardman, and Frank A. Kelley, for Appellant.

Rankin & Julian, for Respondent.

BURNETT, J.—The action is in claim and delivery. Defendant denied the plaintiff's ownership and right to the possession of any of the property, and, as a further defense, alleged that he was holding the property by virtue of his appointment as receiver in an action commenced in the superior court of Lassen county by H. H. Wiencke against Samuel Bibby; that his accounts as such receiver have not been settled by said superior court, nor has any compensation been allowed him, though he has spent over $200 in caring for said property; that there is another action pending between the same parties; that the plaintiff has not capacity to sue, and that the court has no jurisdiction of the action.

On the twenty-fourth day of August, 1909, the order was made granting the application of the said Wiencke for the appointment of the said Dieter as receiver in said action. Before the making of said order no bond nor undertaking was fixed or required by said court of said applicant as required by section 566 of the Code of Civil Procedure, nor was any bond or undertaking made, offered or given before the making of said order. After said receiver had entered on the discharge of his duties and taken possession of the property in controversy, defendant made a motion to vacate and set aside said order. On the hearing of said motion said Wiencke offered to furnish the bond provided and required by said section 566. The motion was thereupon denied and an order made directing the bond to be filed. An application was thereafter made to the court for an order discharging the receiver and directing him to deliver to the plaintiff herein all the property in his possession under and by virtue of said receivership. This came on for hearing on the eighth day of November, 1909, and after reciting that "it appearing to the court that there is no sufficient cause or reason for the continuance of said receivership and that said defendant is entitled to the possession of said property, and that there is good and sufficient cause for the granting of the order applied for," the court ordered that "said receiver be and he is hereby discharged"; and that he further deliver to said defendant all of said property. Dieter thereupon made application to have this order recalled, vacated and set aside. This application was denied on the twenty-fourth day of November, 1909. On the twenty-sixth day of October, previous, judgment was rendered in said action of *Wiencke* v. *Bibby,* that "plaintiff take nothing by his said action and that the order of this court made and entered herein on the twenty-fourth day of August, 1909, appointing a receiver in said action be and the same is hereby vacated." From the judgment the plaintiff appealed and the judgment has been this day affirmed by this court (No. 750, *post,* p. 50, [113 Pac. 876]). The judgment herein was in favor of plaintiff.

1. There is no merit in the contention that the court failed to pass upon defendant's demurrer to the complaint. The record shows that it was overruled. The grounds of the de-

murrer were repeated in the answer on the theory that the evidence would disclose that they were well taken, but they were expressly negatived by the findings of the court.

2. The only serious contention urged by appellant is, first, that "the order appointing him receiver in the case of *Wiencke* v. *Bibby* was a final order and one made within the jurisdiction of the court"; and, second, "the stay bond on the appeal from the judgment in the action in which the receiver was appointed continued the receiver in his appointment and possession."

As to the former, the answer seems to be that the court had no jurisdiction whatever to appoint the receiver. The order of appointment was, therefore, a nullity and under it the appellant had no authority to take possession of the property. Said section 566 of the Code of Civil Procedure provides: "If a receiver is appointed upon an *ex parte* application, the court, before making the order, must require from the applicant an undertaking," etc. Here it was, as we have seen, an *ex parte* application, and the order was made without an undertaking being required. These inferences, therefore, necessarily follow from the admitted situation: The order is void and it could not be validated by any subsequent proceeding. (*Davila* v. *Heath,* 13 Cal. App. 370, [109 Pac. 983].) It must be viewed, in other words, in the light of the circumstances as they existed at the time, or, as expressed in *Hobson* v. *Pacific State Mercantile Co.,* 5 Cal. App. 100, [89 Pac. 869], "The validity of the order must be determined by the proceedings upon which it is based." It is equally clear that the jurisdiction of the court to appoint the receiver could be questioned in any action in which the appointment or the alleged receiver's title is involved, for in such case the appointment is an absolute nullity. (23 Am. & Eng. Ency. of Law, p. 1127.) Neither can it be gainsaid that when the lower court became convinced that it had exceeded its jurisdiction in the alleged appointment, it was proper for it to annul the apparent authority of the receiver and deprive him thereby of the semblance of capacity as the court's representative. Thereafter he would, of course, hold the property as an individual, and could not justify by virtue of the void appointment. The foregoing necessarily answers

the suggestion that permission to bring suit against the receiver should have been obtained from the court. There was no such suit, for the obvious reason that defendant did not sustain that relation to the court.

Appellant is also mistaken as to the effect of the appeal from the final judgment in the original action. That suit was between different parties, and the stay bond prevented any affirmative action to carry the judgment into effect. It could have no bearing upon the void order of appointment, as that order is no part of the judgment appealed from, even if a void order could be vitalized and made operative by taking an appeal. And, as far as the formal order discharging the receiver is concerned, no appeal has been taken from it—assuming that it is appealable. It is true that in the judgment rendered on said October 26th, in the action between *Wiencke* and *Bibby,* there is incorporated the direction that the order appointing the receiver be vacated, but appellant cannot complain if we accept his admission "that this was not properly a part of the judgment." Again, this, as well as the order discharging the receiver, may be treated as entirely immaterial. As we have seen, defendant in this action attempts to justify his possession of the property by virtue of his appointment as receiver. By showing, as he had a right to do, that the court had no jurisdiction to make the appointment, plaintiff demonstrated that defendant was unlawfully holding the property, and the effect of this showing could neither be increased nor diminished by any formal order discharging a receiver who never had any authority to act, or by vacating an order that never had any validity. In other words, the subsequent orders in reference to the receivership were rendered immaterial by reason of the want of jurisdiction to make the appointment. When plaintiff showed this want of jurisdiction, he successfully met and overcame the claim of defendant to the right of possession, and the former by his evidence thereby dissipated even the color of title under which the latter held possession.

No other point seems to demand specific attention. The contentions of appellant, as we view them, are entirely untenable and the judgment is affirmed.

Hart, J., and Chipman, P. J., concurred.