[Civ. No. 750.   Third Appellate District.—December 15, 1910.]

# H. H. WIENCKE, Appellant, v. SAMUEL BIBBY, Respondent.

UNLAWFUL DETAINER—APPOINTMENT OF RECEIVER—VERDICT AND JUDGMENT FOR DEFENDANTS—VACATION OF APPOINTMENT—REVIEW UPON APPEAL—PRESUMPTIONS.—In an action for unlawful detainer, for damages, and for the appointment of a receiver which was made, where the case was tried by jury, and a special and general verdict was rendered for defendant, and judgment was rendered thereon accordingly, at the date of which the court set aside and vacated the order appointing the receiver, although such order does not in terms discharge the receiver, it had that effect, and the order cannot be disturbed upon appeal by the plaintiff, who has no ground for complaint as to the effect of the order. Where no evidence is brought up, there is nothing to review upon appeal. The presumptions are in favor of the regularity of the proceedings, and it must be assumed, in the absence of the evidence, that the court was justified in setting aside the appointment.

ID.—ASSUMPTION OF INVALIDITY OF ORDER APPOINTING RECEIVER—PROPER VACATION.—Upon the assumption of the invalidity of the order appointing the receiver, there being nothing in the record to show the contrary, it was proper, though not essential, to vacate it and set it aside.

ID.—JUDGMENT FOR DEFENDANT—POWER OF RECEIVER PENDENTE LITE TERMINATED.—The judgment having been rendered for the defendant, this of itself would terminate the authority of the receiver, who was appointed to hold and preserve the property only during the pendency of the action. The court would not be justified in continuing the receiver in office after the rights of the parties to the action had been adjudicated.

ID.—ACCOUNTING OF RECEIVER—DISCHARGE—RECEIVER NOT COMPLAINING—PRESUMPTION.—Although the receiver could be required to render his account and deliver the property to the person to whom the court awarded it, yet, as the receiver is not complaining upon this appeal, it must be presumed, in the absence of any evidence, that if the vacation of appointment is to be treated as a discharge, that everything was done which the law requires to be done in order to his discharge.

ID.—VOID ORDER APPOINTING RECEIVER—POWER OF COURT—VACATION AT ANY TIME.—Though an order appointing a receiver is appealable, yet if it appears upon the face of the record to have been made without any authority by the court, it may be vacated and

set aside by the same court at any time, either upon motion or on its own motion, without application.

ID.—SPECIAL AND GENERAL VERDICT UPON ALL ISSUES—FINDINGS BY COURT—APPELLANT NOT PREJUDICED.—Where the special and general verdict of the jury found upon all of the issues made by the pleadings, and what was not covered by the special verdict was included in the general verdict for the defendant, the verdicts are conclusive of the whole case, and though it was unnecessary for the court to make special findings and conclusions of law in accordance with the verdicts of the jury, yet the appellant was not prejudiced by the court's action, since no question is raised as to sufficiency of the evidence to support the verdicts or findings of the court.

ID.—VERDICT UPON MATERIAL ISSUES—ALTERNATIVE QUESTIONS.—Where the verdict of the jury passed upon all material issues, it was proper for it not to pass upon alternative questions relating to the same issue, the answers to which are rendered immaterial by the findings as made.

ID.—VERDICT AGAINST COUNTERCLAIM FOR DAMAGES — ALTERNATIVE QUESTION—ANSWER BY COURT'S FINDING.—Where the verdict was against defendant's counterclaim for damages, and an alternative question as to the same matter was not answered, the plaintiff could not be prejudiced, where the court in its findings gave a negative answer to such alternative question, which was all that plaintiff could expect or obtain.

ID.—COURT'S PROCEDURE AS TO SPECIAL ISSUES AND GENERAL VERDICT SANCTIONED BY CODE—ACTION OF PARTIES IMMATERIAL.—The action taken by the parties to this action in relation to the issues is immaterial, since the action taken by the court in submitting certain special issues, in addition to a general verdict, is sanctioned by section 625 of the Code of Civil Procedure.

ID.—SUFFICIENCY OF COUNTERCLAIM RENDERED IMMATERIAL.—The sufficiency of the counterclaim as against a demurrer thereto is rendered immaterial, as a mere academic question, in view of the finding of the jury against it.

APPEAL from a judgment of the Superior Court of Lassen County. H. D. Burroughs, Judge.

The facts are stated in the opinion of the court.

W. M. Boardman, for Appellant.

Rankin & Julian, for Respondent.

BURNETT, J.—From the judgment in favor of defendant, the plaintiff appeals on the judgment-roll.

The action was for unlawful detainer, for damages and for the appointment of a receiver. It was tried before a jury, who rendered a general and a special verdict. By its findings and conclusions of law, the court decided all the issues in harmony with said verdicts of the jury, and judgment was entered accordingly. A receiver was appointed in the action on the twenty-fourth day of August, 1909, and this order was set aside and vacated on the twenty-sixth day of October, 1909, the date when the judgment herein was rendered.

The contentions of appellant are: "First. That the decision of the court in discharging the receiver was erroneously made and the same is against law. Second. That in the decision of the case, the trial court withdrew the issues of fact or case from the jury, whose province alone it was to decide. Third. The special verdict of the jury in the case does not meet the requirements of the law. Fourth. The trial court should have sustained the demurrer to the answer upon the grounds stated."

As to the first objection, it is to be observed that the order does not in terms discharge the receiver, although it may be conceded to have that effect, since it vacates and sets aside the order appointing him. The action of the court cannot be disturbed for the simple reason that error is not shown. It was probably not necessary for the court to make this formal order, but appellant has shown no ground for complaint. The presumptions are, of course, in favor of the regularity of the proceedings, and we must assume that the court was entirely justified in making the order. (*Kahn* v. *Mattai*, 115 Cal. 692, [47 Pac. 698].) The evidence is not brought up, and hence there is nothing for us to review. If necessary, several reasons could be suggested why the court's action should be considered warranted. Upon the assumption that the order appointing the receiver was void as being in excess of the jurisdiction of the court, it was proper, although not essential, to vacate and set it aside. Again, judgment was rendered in favor of defendant. This of itself would terminate the authority of the receiver who is appointed to hold and preserve the property only during the pendency of

the action. The court assuredly would not be justified in
continuing the receiver in office after the rights of the par-
ties to the action had been adjudicated, although he could be
required to render his account and deliver the property to
the person to whom the court awarded it. To the suggestion
that the account of the receiver should have been settled and
his compensation allowed, there is this additional answer to
be made, that the receiver is not here complaining, and if
these considerations should be deemed material, we must pre-
sume that everything required by the law was done before
this order—treating it as a discharge—was made.

Appellant is also at fault in the following contention: "The
order appointing the receiver could have been vacated only on
appeal and could not be reviewed by this court on appeal
from the judgment. The portion of the judgment purport-
ing to vacate the order appointing the receiver is by its terms
in the nature of a collateral attack by the court on its own
order." It is true that an order appointing a receiver is
itself an appealable order, but if it appears upon the face
of the record to have been made without any authority by
the court, it may be vacated and set aside by the same court
at any time. This is settled beyond any controversy. The
rule is stated in *Freiss* v. *Hotaling*, 96 Cal. 617, [31 Pac.
740], as follows: "The power of a court to vacate a judg-
ment or order void upon its face is not extinguished by lapse
of time, but may be exercised whenever the matter is brought
to the attention of the court. While a motion for such action
is entirely appropriate, neither motion nor notice to an ad-
verse party is essential. The court has full power to vacate
such action on its own motion and without application on
the part of anyone." (See, also, *People* v. *Davis*, 143 Cal.
673, [77 Pac. 651], and cases therein cited.) But we have
already devoted more attention to this point, probably, than
it merits, and, besides, it is further considered in the opinion
filed herewith in the case of *Bibby* v. *Dieter* (No. 754), *ante*,
p. 45, [113 Pac. 874]. It is sufficient to declare in conclu-
sion that the whole contention of appellant as to the receiver-
ship is based upon a hypothetical case not found in the record.

It cannot be said that the court withdrew the case from
the jury. The fact is that the jury found on all the issues
made by the pleadings. What was not covered by the special

verdict was included in the general verdict for defendant.
The court's findings and conclusions of law were also in ac-
cordance with said verdicts. It was not really necessary for
the court to make any findings, since the verdicts of the jury
could be considered conclusive of the whole case. (*Johnson*
v. *Mina Rica Gold Min. Co.*, 128 Cal. 522, [61 Pac. 76].)
But it is equally clear that appellant was not injured by the
court's action, since its findings are all included in the gen-
eral verdict of the jury. (*Churchill* v. *Louie*, 135 Cal. 612,
[67 Pac. 1052].) The court, in its findings, recites that
"after hearing the evidence, the arguments of counsel and
the instructions of the court, the jury retired to consider their
verdict, the court having submitted to the jury certain special
interrogatories in writing as to the facts at issue in said cause
to be answered by them. And the jury upon their return
into court presented their special verdict on said interroga-
tories, as well as a general verdict 'for the defendant,' both
duly signed by their foreman, which said special and general
verdicts the jury, upon a poll thereof, declared to be their ver-
dicts. And now the court having received the special and
general verdicts of the jury and having fully heard, seen and
considered the proofs adduced at the trial, finds the facts and
conclusions of law herein as follows." Then appears, as
already stated, the specific decision of the court as to each
of the issues. It is manifestly the same as though the court
had made no findings, but directed judgment in favor of de-
fendant or had formally adopted the findings of the jury.
The result is the same, and appellant has no ground for com-
plaint, since no question is raised, nor can be, as to the suffi-
ciency of the evidence to support the findings and judgment.

The objection as to the special verdict is that "it is incom-
plete and defective. To several of the questions which em-
braced special issues no answer or special finding was made
by the jury, nor did they specially find upon other material
issues essential to the decision of the case." Certain alterna-
tive questions were not answered and properly so. No an-
swer was given to the last special interrogatory, which was
as follows: "Has the plaintiff violated the terms and condi-
tions of the lease, and if so, by what act or acts?" Other-
wise, the findings were complete. The said unanswered
interrogatory was proposed in view of a counterclaim set up

by defendant in his answer by virtue of which he asked for damages for the unwarranted interference by plaintiff with defendant's enjoyment of the premises. But it is perfectly clear that no harm has been done appellant by the jury's failure to answer the question, for the reason that upon this issue the finding and judgment of the court were in favor of plaintiff. Thus he was given the advantage that would follow from a negative answer to the question. He could neither expect nor obtain anything more. Besides, neither an affirmative nor a negative answer to the question could be deemed important in view of the negative answer of the jury to a former question, No. 4: "Has the defendant been damaged by any act or acts of the plaintiff as set out in defendant's answer and counterclaim?"

It does not appear whether the special issues were submitted to the jury in response to the request of either party or the agreement of both, or otherwise. Neither does it appear that any objection was made to the court's action in the matter. But these considerations may be ignored, since the course pursued by the court is directly authorized by section 625 of the Code of Civil Procedure, providing that "In an action for the recovery of money only, or specific real property, the jury in their discretion may render a general or special verdict. In all other cases the court may direct the jury to find a special verdict in writing, upon all, or any of the issues, and in all cases may instruct them, if they render a general verdict, to find upon particular questions of fact, to be stated in writing, and may direct a written finding thereon." In pursuance of this statutory authority the court submitted to the jury this question: "Has the plaintiff been damaged by any act or acts of the defendant as set out in the plaintiff's complaint?" To which the jury answered: "No." The same answer was returned to the following question: "Has the defendant been damaged by any act or acts of the plaintiff as set out in defendant's answer and counterclaim?" We can see nothing improper in the course pursued.

There is nothing in the cases cited by appellant which lends support to his claims. In *McDermott* v. *Higby*, 23 Cal. 489, it seems to have been contended that there was a conflict between the special verdict and the general verdict, but the

court, while declaring that where there is such a conflict the special verdict must prevail, held that the special findings did not cover all the issues, and therefore the special verdict could not "properly be deemed inconsistent with the general verdict." *In re Sanderson,* 74 Cal. 199, [15 Pac. 753], involved the settlement of an executor's account and a reversal was sought upon the ground that the court failed to find upon the issues made by the contest. In discussing the question whether issues of fact in probate proceedings for the settlement of an account must be submitted to a jury on demand of a party, the court said: "A special verdict must pass on all the issues by presenting the conclusions of fact bearing on all. (Code Civ. Proc., sec. 624.)" The court, however, was contemplating a case where no general verdict is rendered and all the issues are submitted to the jury. Manifestly, in such contingency, the jury should present the conclusions of fact as to all the issues. In *Donahue* v. *Meister,* 88 Cal. 121, [22 Am. St. Rep. 283, 25 Pac. 1096], the gist of the decision is that the defendant was entitled to a jury trial in an action to determine an adverse claim to real estate when the pleadings show that the plaintiff is in possession, and the answer sets up as a defense a cause of action in ejectment, averring that defendant was rightfully in possession and was ousted by the plaintiff before the commencement of the action, and that the plaintiff wrongfully withholds the possession from the defendant. In *Estate of Keithley,* 134 Cal. 9, [66 Pac. 5], it was held that it was proper for the court to submit certain questions to the jury covering the issues growing out of the contest of the will and that together the questions and answers constituted a special verdict. The law is correctly stated in all these cases, but appellant has made a wrong application of them to the facts of the case at bar.

Lastly, it is claimed that the "portion of the answer to which the demurrer is directed does not state a cause of action or a counterclaim as defined in the law, nor is either of the items of damage sought to be recovered proximate or flow from the acts complained of." Here again the question is merely of academic interest. The jury found that defendant was not damaged by the acts complained of, and the court adopted this view and awarded defendant nothing upon his

so-called counterclaim. Hence, it is clear that the error, if any, was entirely without prejudice.

We feel satisfied that there is no ground whatever for interfering with the judgment of the court below, and it is therefore affirmed.

Hart, J., and Chipman, P. J., concurred.