[Civ. No. 4934.  Second Appellate District, Division Two.—February 14, 1925.]

ELMER R. SLY, Petitioner, v. THE SUPERIOR COURT OF THE STATE OF CALIFORNIA IN AND FOR THE COUNTY OF LOS ANGELES et al., Respondents.

[1] RECEIVERS—DISCHARGE BY COURT—PROHIBITION—LIKELIHOOD OF RECOVERY—RESPONSIBILITY OF BANKS.—Where, in an action for an accounting and involving contracts, properties, and moneys, the trial court, upon the conclusion of the trial upon the merits, determined that the plaintiff was not entitled to recover any of the relief sought by him from a particular defendant, and that there was no probability of an ultimate recovery by the plaintiff in said action, and there is no showing that said defendant will be given possession and control of the properties, and several banks are holding the contracts, and collecting the moneys, to be held by them subject to the orders of the trial court, as the agents of a receiver theretofore appointed by the trial court, it cannot be said in a proceeding on prohibition to restrain the trial court from discharging the receiver that the continuation of the receivership would be necessary, or that it would not work an injustice.

[2] ID.—REMOVAL OF RECEIVER—DISCRETION.—The power to discharge a receiver being a necessary adjunct to the power of appointment, the question of his removal is addressed to the sound discretion of the court, and will not be disturbed by an appellate court when it appears after trial that judgment must be given in favor of the defendants.

[3] ID.—UNDERTAKING — PROTECTION OF PROPERTY — PROHIBITION.—A writ of prohibition to restrain the trial court from discharging the receiver will be denied where the trial court has signified no intention of discharging the receiver if an undertaking (ordered by the trial court to be furnished by plaintiff) is furnished, and it cannot be said that the fair protection of the property rights involved does not demand such security.

(1) 32 Cyc., p. 630, n. 6.  (2) 32 Cyc., p. 610, n. 82; 34 Cyc., p. 175, n. 83.  (3) 32 Cyc., p. 610, n. 82.

PROCEEDING in Prohibition to restrain the Superior Court of Los Angeles County from discharging a receiver. Charles S. Burnell, Judge.  Writ denied.

The facts are stated in the opinion of the court.

Craig & Bromley, J. F. Seymour and V. L. Ferguson for Petitioner.

Glen Behymer for Respondents.

CRAIG, J.—Petitioner herein seeks a writ of prohibition restraining the superior court of Los Angeles County from discharging a receiver in an action wherein petitioner is plaintiff and William Abbott, John Gray, and Lena Abbott are defendants. The action was commenced for an accounting, and involved certain real estate transactions, contracts, and moneys, which were in dispute between the parties. One Charles R. Morfoot was appointed by the trial court to act as a referee to take evidence and report his findings to the court as a basis for final judgment; he was, at the same time, appointed receiver to take charge of all contracts, to collect the amounts due, and to pay the same to the plaintiff in settlement of such amount as an accounting should show to be due, with the usual powers of receivers, upon filing a bond in the usual form in the penal sum of ten thousand dollars, conditioned for the faithful discharge of his duties. The appointment was included in the terms of an order which also directed that the default of said defendants be entered for failure to answer the complaint. It was thereafter stipulated that the default be vacated and set aside, but that the receiver be continued in office. The lower court thereupon set aside such default and directed that the order appointing the receiver be continued in full force and effect during the pendency of the action, and that the receiver hold all sums of money received by him during his incumbency until the final determination of the action.

It does not appear that the referee heard evidence or made any report, but it does appear that thereafter, and on July 9, 1924, the referee-receiver was ordered to immediately return to various banks all purchase and sale contracts received by him, which they should hold as agents for the receiver, and collect all past due and future payments; that all moneys thereafter received should be held and disbursed upon the orders of the court, and not otherwise, but that

"other than as herein specified, said order heretofore made appointing said receiver shall remain in full force and effect." A further order was made on September 13, 1924, directing payment to the record owners of twenty-one lots of certain moneys due them, and on the seventh day of October it was stipulated by the parties that any sums of money then due and payable to original owners under these contracts be paid by the receiver and the banks.

The case was brought to trial before the superior court during the month of October, and the judge thereof recites in the return filed in this court that it appeared at the conclusion of the evidence "that the plaintiff herein should not recover as against the defendant, John Gray, and that the further continuation of the said receivership would work an irreparable loss and injury to the defendant, John Gray, and it appearing to the said superior court, Department 4 thereof, Charles S. Burnell, judge presiding therein, that no proper bond to indemnify the said John Gray for loss and damage he might sustain by reason of said receivership had been filed in said action." On October 16, 1924, the plaintiff, petitioner herein, was ordered to furnish bond in the sum of thirty thousand dollars, and the trial court then stated that unless such indemnity be filed by 5 o'clock of the following day, said receiver would be discharged.

Petitioner avers that on the final day of the trial briefs were ordered filed, but that no briefs have been served or filed, and that no judgment has been rendered. The nature of the transactions involved, or the amounts in controversy, do not appear, and there is no showing that a thirty thousand dollar bond is excessive. It does appear that upon the conclusion of the trial upon the merits the lower court determined that the plaintiff was not entitled to recover any of the relief sought by him from the defendant Gray, and that there was no probability of an ultimate recovery by the plaintiff in said action. Of course, the facts here do not bring the application within subdivisions 3 or 4 of section 564 of the Code of Civil Procedure. Otherwise, as was held in *Wieneke* v. *Bibby,* 15 Cal. App. 50 [113 Pac. 876], a trial court would not be justified in continuing the receiver in office after the rights of the parties to the action had been adjudicated. It was there said: "The ac-

tion of the court cannot be disturbed for the simple reason that error is not shown. It was probably not necessary for the court to make this formal order but appellant has shown no ground for complaint. The presumptions are, of course, in favor of the regularity of the proceedings, and we must assume that the court was entirely justified in making the order. (*Kahn* v. *Mattai*, 115 Cal. 692 [47 Pac. 698].) The evidence is not brought up and hence there is nothing for us to review. If necessary, several reasons could be suggested why the court's action should be considered warranted. Upon the assumption that the order appointing the receiver was void as being in excess of the jurisdiction of the court, it was proper, although not essential, to vacate and set it aside. Again, judgment was rendered in favor of the defendant. This of itself would terminate the authority of the receiver who is appointed to hold and preserve the property only during the pendency of the action. The court assuredly would not be justified in continuing the receiver in office after the rights of the parties to the action had been adjudicated, although he could be required to render his account and deliver the property to the person to whom the court awarded it. To the suggestion that the account of the receiver should have been settled and his compensation allowed there is this additional answer to be made, that the receiver is not here complaining and if these considerations should be deemed material, we must presume that everything required by the law was done before this order—treating it as a discharge—was made.''

[1] As we have said, the court below heard all the evidence, which is not before us, and although there is a dispute as to the financial responsibility of defendant Gray to respond in damages in the event of plaintiff's ultimate recovery, there is no showing that said defendant would be given possession and control of the properties in suit. Several banks are now holding the contracts, and collecting the moneys, to be held by them subject to orders of the trial court, and not otherwise, ''as the agents of said receiver.'' We cannot say, therefore, that the continuation of the receivership would be necessary, or that it would not work an injustice; the court below has found otherwise and provided depositaries which are apparently responsible, and under

its control. It was held in *Copper Hill Mining Co.* v. *Spencer*, 25 Cal. 11, that an order appointing a receiver might be vacated before trial upon a proper showing, and "with much greater reason after it had appeared upon the trial, to the satisfaction of the judge, that there is no probability of an ultimate recovery in the action." We would hesitate to say upon the showing here made that the appointment of a receiver was, or was not, justified in the first instance.

[2]  The power to discharge a receiver being a necessary adjunct to the power of appointment, the question of his removal is addressed to the sound discretion of the court, and will not be disturbed by an appellate court when it appears after trial that judgment must be given in favor of the defendants. (High on Receivers, 4th ed., sec. 8.)

[3]  Petitioner's argument and entire case before us is based upon the assumption that the trial court threatens to and unless enjoined will discharge the receiver. This is not entirely true, nor is it an accurate statement of the situation. The court's action was to require that the plaintiff furnish a bond of thirty thousand dollars. It must be conceded that in a proper case the trial court has full authority to require that such bond be given. It is true that no bond was directed to be supplied by the plaintiff under the terms of the first order appointing a receiver, nor by the subsequent modifications thereof made upon stipulation. However, there is no express stipulation exempting the plaintiff from the necessity of furnishing a bond. While none appears to have been asked by the defendants, upon the taking of testimony the court may well have concluded that the facts presented were such that the protection of the interests of the defendants made additional security desirable and necessary. The record before us on this application contains insufficient information to advise us upon the absence or existence of such a need. Where no abuse of discretion in a matter of this character is shown, an appellate court is not justified in concluding that the trial court was in error. Also the record is barren of any showing which would indicate that the order involved an abuse of discretion as to the amount of bond required. Since the trial court has signified no intention of discharging the receiver if the undertaking named in its order is furnished,

and as we cannot say that the fair protection of property rights involved does not demand such security, the peremptory writ must be denied and the alternative writ discharged, and it is so ordered.

Finlayson, P. J., and Works, J., concurred.