[Civ. No. 470. Fourth Appellate District.—August 6, 1931.]

BEN S. CASEY, Appellant, v. W. J. DOHERTY, Respondent.

Hickcox & Trude for Appellant.

R. D. McPherrin for Respondent.

ALLEN, J., *pro tem.*—The plaintiff filed his second amended complaint in the court below alleging two causes of action, both in substance that in the month of October, 1929, one Edwin S. Pascoe was the owner of certain real property in Imperial County and entitled to the rents

and profits thereof; that during the month of November, 1929, the defendant was appointed receiver in a certain mortgage foreclosure proceeding against the property; that during the month of October, 1929, one George Nowlin became indebted to Pascoe in the sum of $520 for pasturage removed from said premises during said month; that Nowlin paid said sum to the defendant receiver after his appointment; that thereafter about November 22, 1929, Pascoe assigned his rights in said sum to the plaintiff herein, who made demand for payment from said receiver which was refused, whereupon plaintiff filed his complaint praying for judgment. To this complaint defendant filed a general and special demurrer which was by the court sustained without leave to amend. Thereupon judgment was entered for defendant, from which judgment plaintiff appeals.

The two points raised by the demurrer are, first: Was the receiver in the mortgage action, and not plaintiff's assignor, entitled to the money set out in the complaint as part of the rents, issues and profits of the real property therein involved?

It is the law of this state that the mortgagee not in possession is not entitled to the rents, issues and profits of the premises where the mortgagor remained in possession of the mortgaged premises. In the case of *Simpson* v. *Ferguson*, 112 Cal. 180, 188 [53 Am. St. Rep. 201, 40 Pac. 104, 44 Pac. 484, 486], it is stated: "The mortgagor being in possession of the land, and entitled as of right to the crops grown thereon, it was competent for him to sell or mortgage, or otherwise dispose of them, and convey good title thereto, as against the mortgagee of the land or his assigns, at any time prior to the foreclosure of the latter's mortgage." In *Binney* v. *San Dimas Lemon Assn.*, 81 Cal. App. 213, 218 [253 Pac. 346], which case is similar to the one at bar, it is held that the receiver was not legally authorized to demand and receive the proceeds derived from the sale of fruit taken by the mortgagor from the mortgaged premises prior to the appointment of a receiver. Cases holding otherwise are not only contrary to the general weight of authority but in direct conflict with two cases decided by the Supreme Court of this state (*Simpson* v. *Ferguson, supra; Garretson Invest. Co.* v. *Arndt,* 144 Cal. 65 [77 Pac. 770]).

The complaint alleges the taking and disposing of the pasturage prior to the appointment of a receiver, which was required to be so alleged by plaintiff in order to state a cause of action.

■ The next question raised in the appeal is: Has the plaintiff capacity to sue. In order to sue a receiver, permission must be had from the court making the appointment. It is alleged in the complaint that the cause of action was assigned to plaintiff, and that permission to sue the receiver was, before the filing of the complaint, first had and obtained. This would seem to the court to be sufficient. Permission was all that was required, and once obtained, plaintiff was then permitted to proceed with his action.

This court fails to see any reason why a third person cannot sue for property wrongfully taken by a receiver, or wrongfully withheld. (See *Fidelity Sav. & Loan Assn.* v. *Citizens' Trust & Sav. Bank,* 186 Cal. 689 [200 Pac. 631]; 22 Cal. Jur., p. 497, sec. 84; 22 Cal. Jur., p. 523, sec. 114.)

■ It was incumbent on plaintiff to allege the ultimate facts of his cause of action, which facts, where proven, would entitle him to recover. This we think plaintiff did.

From the foregoing it must be held that the trial court was in error in sustaining the demurrer to the complaint.

Judgment reversed with instructions to overrule the demurrer and proceed accordingly.

Barnard, P. J., and Jennings, J., concurred.