[Civ. No. 1330. Fourth Appellate District.—May 15, 1934.]

ETHEL ELLIS, Petitioner, v. THE SUPERIOR COURT OF RIVERSIDE COUNTY et al., Respondents.

J. A. Chase for Petitioner.

Walter Gould Lincoln and David G. Kling for Respondents.

JENNINGS, J.—This is an original application for a writ of *certiorari*. The petition which was filed with this court on February 20, 1934, alleges that prior to March 17, 1931, an action numbered 20966 was instituted in the Superior Court of Riverside County in which Walter Gould Lincoln was plaintiff and W. F. Dreher, Fairview Farms Company, a trust; Fairview Finance Corporation, a corporation; Dreher & Philpott, Inc., a corporation, and Farm Finance Company, Ltd., a corporation, were defendants; that the action was one at law instituted for the purpose of recovering a money judgment for services alleged to have been rendered by the plaintiff therein as an attorney at law for the defendants in said action; that such proceedings were taken in said action that on May 5, 1932, a judgment was rendered therein in the plaintiff's favor and against the said defendants for the sum of $5,000, together with interest amounting to $1,050, and costs; that the defendants waived their right to appeal from the judgment in writing; that on May 20, 1932, the plaintiff in said action applied for the appointment of a receiver of all the properties of the defendants and his petition therefor was filed in the respondent court; that on June 7, 1932, the

respondent court made an order appointing receivers for all the defendants in the aforesaid action and particularly for the defendant Farm Finance Company, Ltd., that pursuant to said order the receivers so appointed seized and took possession of all properties of the defendants and especially the properties of the defendants W. F. Dreher and Fairview Farms Company, a trust; that the respondent court in making the aforesaid order for the appointment of receivers acted in excess of its jurisdiction and the order thus made was a void order; that Ethel Ellis, the petitioner herein, is a creditor of Fairview Farms Company, a trust, and of W. F. Dreher, and was a creditor of said defendants at the time the aforesaid action was filed by Walter Gould Lincoln, plaintiff therein; that on May 23, 1930, she filed a complaint in the Superior Court of Riverside County in an action entitled *Ethel Ellis, Plaintiff, v. Fairview Farms Company, a Voluntary Trust, W. F. Dreher, M. A. Kandelin, John Doe, Richard Doe, and Jane Doe as Trustees, and W. F. Dreher, Defendants,* numbered 20754, and thereafter on January 23, 1933, judgment was entered in her favor against the defendants Fairview Farms Company, a voluntary trust, and W. F. Dreher for the sum of $4,741.70, which judgment has not been paid or discharged and is now in full force and effect and the petitioner herein is now the beneficial owner of an undivided one-half interest in said judgment; that petitioner was not at any time a party to the action No. 20966 instituted by Walter Gould Lincoln and has no standing in the respondent court to raise the question of the lack of jurisdiction of said court to make the order appointing receivers in said action; that notwithstanding the invalidity of the order appointing receivers the respondent court, through the receivers thus appointed, has taken possession of all the assets and properties of Fairview Farms Company and W. F. Dreher and is continuing to hold possession thereof and to operate and sell the same and is thereby preventing the petitioner herein from interfering with said properties in disregard of the rights of petitioner; that petitioner has no plain, speedy or adequate remedy by appeal or otherwise and will suffer irreparable loss and damage and will be deprived of her right to enforce a levy of execution upon the property of her judgment debtors if the aforesaid

order appointing receivers is enforced and continues in effect. The prayer of the petition is for the issuance of a writ of review vacating said order of appointment.

To the petition filed herein as aforesaid the respondents have filed a demurrer specifying as the grounds therefor that the petition does not state facts sufficient to justify the issuance of a writ of review; that the petition is uncertain in numerous designated particulars; that the petition shows on its face that petitioner is guilty of laches in making application for the writ; that the petition shows on its face that petitioner is without legal capacity to make the application. It is stipulated that the application for the writ may be determined on the record which is here presented.

It is our opinion that the demurrer, in so far as it attacks the petition on the general ground of failure to state facts which will justify the issuance of a writ of review, is not well taken and must be overruled. In the final analysis, the single question which is presented by the general demurrer is whether or not the respondent court exceeded its jurisdiction in making the order appointing receivers for the properties of the various defendants named in the action in which the order was made. The petition shows that this action was one at law brought by an attorney to recover a money judgment for services alleged to have been performed by him for the defendants named in the action. Section 564 of the Code of Civil Procedure is the statute which authorizes the appointment of receivers generally. Subdivision 3 of said section is the only subdivision upon which reliance may be had to support the order attacked by the petition herein. This subdivision authorizes the appointment of a receiver "after judgment, to carry the judgment into effect". However, the power to appoint a receiver conferred by subdivision 3 of the statute has been construed as applying only to cases where the judgment affects specific property. It does not apply to a simple money judgment (*White* v. *White*, 130 Cal. 597 [62 Pac. 1062, 80 Am. St. Rep. 150]).

It is urged as a ground of demurrer that the petition shows on its face that the petitioner lacks the legal capacity to apply successfully for the issuance of the writ for the reason that the petition alleges that she is the bene-

ficial owner of an undivided one-half interest in the judgment. It is argued that the assignment of a part of a judgment is not permitted by law, that she can be the owner of the whole judgment or that she has no interest in it, that the allegation aforesaid that she is the owner of an undivided one-half interest indicates that she has made a partial assignment and has thereby divested herself of the capacity to apply for the remedy which she here seeks. The contention thus presented is not meritorious. It is the rule that an assignment of a portion of a judgment has no effect against the judgment debtor unless the assignment was made with the consent of the debtor or, if made, without consent, the debtor subsequently ratifies it (*Buckeye Refining Co.* v. *Kelly,* 163 Cal. 8, 12 [124 Pac. 536, Ann. Cas. 1913E, 840]). Since the petition herein fails to show consent or ratification by the judgment debtors in the action in which the judgment was rendered it is apparent that the objection of legal incapacity in petitioner is untenable.

█ Various specifications of uncertainty in the petition are urged in support of the special demurrer. Among these it is pointed out that the petition alleges that "the respondent court . . . made an order, purporting to be in said action, appointing receivers . . . " It is contended that this allegation is fatally uncertain in that it cannot be ascertained whether it amounts to a positive allegation that the order was made or an allegation on information and belief and further that the allegation is defective in that it fails to show that the order was signed and filed. It may be conceded that the aforesaid allegation is not entirely free from uncertainty. However, there is attached to the petition a copy of the court's order appointing receivers. This copy bears the title *Walter Gould Lincoln, Plaintiff,* v. *W. F. Dreher et al., Defendants.* It bears the same number as that which the petition alleges was the number assigned to the action wherein Walter Gould Lincoln sought to recover a money judgment for his services rendered as an attorney at law. The copy of the order further shows that it was made on the application of Walter Gould Lincoln and that it was signed by a judge of the respondent court on June 7, 1932. This copy, to which reference is made in the petition and which is attached to the petition, clarifies whatever uncertainty exists in the aforesaid allegation and makes it

evident that the order attacked by the petition was actually signed by the respondent court on the date stated in the petition.

One of the chief objections urged by the demurrer is that the petition shows on its face that it was not filed until more than twenty months had elapsed after the order sought to be vacated was made although, as disclosed by the petition, petitioner had commenced her action more than nine months prior to the institution of the action in which the order appointing receivers was made. It is contended that the petition thus discloses that petitioner is guilty of laches which should bar her from obtaining the relief which is here sought.

It may be conceded that if the petition had shown that petitioner was a party to the action in which the order appointing receivers was made her failure to apply for a writ of review until the time allowed for taking an appeal had expired would be sufficient to bar her from obtaining the writ (*Smith* v. *Superior Court*, 97 Cal. 348 [32 Pac. 322]). The petition here shows, however, that petitioner was not a party to the action in which the order sought to be annulled was made and it is not disclosed that she sought at any time to intervene in said action. So far as appears from the petition, she had no knowledge of the pendency of the action brought by Lincoln, and no knowledge of the making of the order at the time it was made. We think, therefore, that the contention that petitioner is barred from obtaining the issuance of the writ because of her laches in applying therefor may not be sustained.

Although it was not specifically urged as a ground of demurrer, respondents contend that the petition is fatally defective in that it fails to show that petitioner has no plain, speedy or adequate remedy at law. The allegation in this regard is "that petitioner has no plain, speedy, or adequate remedy by appeal or otherwise, and will suffer irreparable loss and damage and will be deprived of her property and constitutional rights and her right to have an execution levied upon the property of said debtors, if said orders are enforced". It is said that this bald allegation, unsupported by allegations of facts tending to show the absence of another remedy and the existence of loss and damage which will be suffered by petitioner if the writ is refused, is insuffi-

cient. Assuming that the allegation attacked is insufficient, it does not follow that the objection thus raised is well taken. If the petition in its entirety discloses the absence of another remedy we think that it is sufficient. The petition, as above noted, does show that the petitioner was not a party to the action in which the order appointing receivers was made and that she made no attempt to intervene in said action or to have the order which is here attacked vacated by the court which made it. It is also disclosed that the defendants in the action brought by Lincoln waived their right to appeal from the judgment rendered in said action and that the judgment had become final. These facts are sufficient in our opinion to show the absence of any other remedy in the ordinary course of law.

For the reasons stated herein the demurrer of respondents to the petition is overruled and it is ordered that the order made by the respondent court on June 7, 1932, appointing receivers in action No. 20966 in the respondent court be vacated and annulled.

Barnard, P. J., and Marks, J., concurred.