[Crim. No. 1500.   Third Appellate District.—May 26, 1936.]

In the Matter of the Application of MORRIS STEIN for a Writ of Habeas Corpus.

304

William Klein and Reed M. Clarke for Petitioner.

R. R. Fowler, City Attorney, and A. J. Carlson for Respondent.

PULLEN, P. J.—The petitioner was convicted in the Police Court of the City of Modesto, of conducting, carrying on and managing the business of auctioneer without paying the license fee therefor, a misdemeanor, and was sentenced to pay a fine, and in default thereof to be imprisoned in the county jail of the county of Stanislaus until such fine was paid. The fine not being paid defendant was committed to jail and now seeks his release by this writ of *habeas corpus*.

It is the contention of petitioner that he was appointed receiver in a certain action pending in the Superior Court of the County of Stanislaus, and that such appointment gave him the power to conduct a public sale. Section 3286 of the Political Code provides: ''No auctioneer's license is required for the sale of any goods at public sale belonging to the United States, or for the sale of property by virtue of any process issued by any state or federal court'', and it is by virtue of that provision petitioner herein justifies his action in conducting such a sale without procuring a city license.

An examination of the record shows that a complaint was filed in the superior court entitled ''*Harry Lipman, Plaintiff*, v. *Charles Daunt and Nellie Daunt, Defendants*'', wherein it

was set forth that defendants therein were indebted to plaintiff and certain other creditors in a sum exceeding $500. That said indebtedness was due and unpaid and it was desirable and necessary that the stock in trade of said defendants be subjected to the payment of said claims.

It was further alleged in the complaint that if a receiver were appointed with authority to carry on the business and dispose of the stock of merchandise, it would be possible to obtain funds sufficient to pay off said indebtedness, and prayed for the appointment of such receiver. Upon this petition or complaint an order was made appointing petitioner herein receiver, and authorized him to take possession of the stock of goods of Daunt and sell the same at public auction or private sale, and in the course of said sale to supply other articles which might be necessary in order to carry on the sale effectively and to realize the largest possible sum therefor.

It does not require the citation of extended authority to establish that the trial court was without power to make such order appointing petitioner receiver. ■ The appointment of a receiver is an equitable remedy, and there is no such thing as an action brought for the mere appointment of a receiver. Section 564 of the Code of Civil Procedure prescribes when a receiver may be appointed but does not purport to create rights where there was no prior right of action but merely provides a remedy for the existing conditions.

The courts have on numerous occasions refused to sanction the procedure here attempted. In *Murray* v. *Superior Court*, 129 Cal. 628 [62 Pac. 191], an order was made appointing a receiver for an insolvent corporation. The Supreme Court set the order aside, pointing out the superior court had no jurisdiction to grant an application on the facts set forth in the complaint. The corporation had not been dissolved, had not sought to be declared insolvent, nor have its assets distributed among its members. Neither did the complaint seek to remove the directors, or contain any allegations of fraud. The object and purpose of the action was to take the business and assets from the corporation and turn them over to a stranger. The court did not possess the power to thus take the property and deliver it to a third person. ■ Where a complaint fails by its allegations to show that the conditions required by law have been complied with an order for the appointment of a receiver is void for all purposes.

The following cases so hold: *McCutcheon* v. *Superior Court,* 134 Cal. App. 5 [24 Pac. (2d) 911] ; *Ellis* v. *Superior Court,* 138 Cal. App. 552 [33 Pac. (2d) 60] ; *Bibby* v. *Dieter,* 15 Cal. App. 45 [113 Pac. 874] (holding that such appointment may be attacked collaterally) ; *A. G. Col Co.* v. *Superior Court,* 196 Cal. 604, 606 [238 Pac. 926] ; *First National Bank* v. *Superior Court,* 12 Cal. App. 335 [107 Pac. 322].

The allegations in the complaint in the instant case fail to state facts that would confer jurisdiction upon the superior court to appoint a receiver, and the court was without power under such circumstances to make the order of appointment.

The writ is discharged and the petitioner remanded.

Plummer, J., and Thompson, J., concurred.