[Sac. No. 5074. In Bank.—January 21, 1937.]

RICHARD BELCHER, Respondent, v. C. F. AARON et al., Appellants.

Tobin & Tobin, Rich, Weis & Carlin and Geo. A. Clough for Appellants.

Richard Belcher, *in pro. per.,* for Respondent.

WASTE, C. J.—Pending the prosecution of a suit to foreclose a mortgage, the defendant bank, as mortgagee, made *ex parte* application for and procured the appointment of the defendant Aaron as receiver. The mortgagor, who is not a party to the present action, thereafter moved to vacate the order appointing receiver and it was set aside within a month after its entry. Upon appeal, the vacating order was affirmed. (*Hibernia S. & L. Soc.* v. *Ellis Estate Co.,* 132 Cal. App. 408 [22 Pac. (2d) 806].) Subsequently, a decree of foreclosure was entered, the property sold pursuant thereto and a deficiency judgment entered. Prior to the sale the mortgagor had assigned to the plaintiff in this action "all of its right, title, claim, interest and estate in and to all moneys collected by C. F. Aaron, alleged receiver in the above-entitled action, and to all moneys, rents, etc., uncollected by said alleged receiver and now due and payable from tenants of the property". This assignment was in payment for legal services rendered by plaintiff for and on behalf of the mortgagor throughout this litigation. The assignment was held to be valid, based on sufficient consideration and untainted by fraud in the case of *Hibernia S. & L. Soc.* v. *Belcher,* 4 Cal. (2d) 268 [48 Pac. (2d) 681], wherein the mortgagee unsuccessfully sought to have it set aside.

In this action the plaintiff, as assignee of the accrued rents, seeks to recover from the defendant Aaron the rents collected by him subsequent to the entry of the order vacating his appointment as receiver. The trial court made findings and gave judgment in favor of the plaintiff and against Aaron in the sum of $1931.44, representing the aggregate of the rents collected by Aaron after his removal as receiver, less deductions totaling $338.81, for sums necessarily expended by him to keep the premises in a habitable and rentable condition.

Upon this appeal Aaron urges that the moneys so collected by him, together with additional sums furnished by the defendant bank, as mortgagee, had been expended by him in payment of taxes on the property and that he should not, therefore, be answerable for the same. We cannot accept this contention.

█ In our most recent decision in this protracted litigation (*Hibernia S. & L. Soc.* v. *Belcher*, 4 Cal. (2d) 268, 273 [48 Pac. (2d) 681, 683], we declared, among other things, that "The receiver (Mr. Aaron) had no legal right to receive rents which accrued after November 27, 1931, the date of the order revoking his appointment as receiver. An order removing an executor, administrator, guardian or receiver is selfexecuting. The appeal taken from such order in the instant case did not restore his powers. █ Nevertheless the receiver collected some of the rents . . . " It necessarily follows that judgment was properly entered in favor of plaintiff as assignee of the rents collected by Aaron at a time when he was not serving as receiver. In collecting rents subsequent to his removal as receiver, Aaron was acting in his individual capacity and without authority.

█ Nor do we think the fact that he employed the rents so collected to pay taxes on the mortgaged property relieves him from liability to the plaintiff as assignee thereof. In this regard, he was a mere volunteer. (*Bibby* v. *Dieter*, 15 Cal. App. 45, 48 [113 Pac. 874].) The mortgage did not hypothecate the rents, issues and profits and the mortgagor-assignor, being in possession of the mortgaged premises, was therefore entitled to the rents until the sale of the property and consequently was free to assign them to the plaintiff prior to such sale. (*Casey* v. *Doherty*, 116 Cal. App. 42, 43 [2 Pac. (2d) 495].) The effect of Aaron's improper action in collecting rents and paying taxes after his discharge as receiver, which he testified was done under instructions from the mortgagee bank, was to increase the value of the mortgage and to make rents available to the mortgagee at a time when it was not entitled to them. Therefore, it was proper to hold the defendant Aaron answerable for the rents collected and expended by him without authority.

None of the cases cited in the appellants' briefs presented a situation comparable to the one here involved. Our conclusion on the merits makes it unnecessary to discuss the technical point having to do with the alleged insufficiency of the bill of exceptions.

The judgment is affirmed.

Thompson, J., Shenk, J., Edmonds, J., Curtis, J., and Seawell, J., concurred.