[Civ. No. 9277.   Third Dist.   May 21, 1957.]

GEORGE RONDOS, Petitioner, v. THE SUPERIOR COURT OF SOLANO COUNTY et al., Respondents; EDWARD ESSY, Real Party in Interest.

*Assigned by Chairman of Judicial Council.

Millard Smith, J. R. Traub and Jack B. Burstein for Petitioner.

No appearance for Respondents.

Thomas F. O'Hara and Kilpatrick & O'Hara for Real Party in Interest.

VAN DYKE, P. J.—This is a proceeding in prohibition. Prior to January 16, 1956, George Rondos, petitioner herein, and Marvin Caesar, as copartners, owned and operated a business in the city of Vallejo known as the Stork Club, which business they operated under an on-sale license issued by the Department of Alcoholic Beverage Control. On that day Rondos, Caesar and Edward Essy, real party in interest herein, entered into a written agreement, the substance of which, so far as here material, is as follows: Caesar agreed to sell to Essy his one-half interest in the business, including

all the assets thereof, and Rondos consented to that sale. Rondos and Essy agreed between them that they would form a partnership for the further conduct of the business and all three agreed to take steps to have the existing license transferred to the new partnership. The purchase price from Essy to Caesar was placed in escrow and it was agreed that title to Caesar's half interest in the business and its assets would pass upon the closing of the escrow after the issuance of the new license. This stipulation of the agreement is in harmony with title 4, section 60, subdivision (d) of the California Administrative Code, which in respect of transferring on-sale licenses provides: "The transfer of title to the licensed business shall coincide with the transfer of the license." (See *Lenchner* v. *Chase,* 98 Cal.App.2d 794 [220 P.2d 921].) The stipulation is also in harmony with section 23300 of the Business and Professions Code, which provides: "No person shall exercise the privilege or perform any act which a licensee may exercise or perform under the authority of a license unless the person is authorized to do so by a license issued pursuant to this division." The new license has never been issued, the escrow has never been closed, and according to the stipulation in the agreement and by virtue of the rule and the statute title to the business and its assets thus agreed to be purchased and sold has never passed from Caesar to Essy. The parties to the agreement promptly applied to the Department of Alcoholic Beverage Control for a transfer of the license in accordance with the agreement, and hearings were held, but no transfer was authorized and no new license was issued. After the matter had been pending for something over a year Rondos served upon Essy notice of rescission of the agreement and thereupon notified the department that he was withdrawing the application for transfer of the license. Upon this action being taken, Essy filed an action in the respondent court against Rondos and Caesar, the material allegations of the complaint being as follows: That on January 16, 1956, Caesar, Rondos and Essy agreed that Essy would become a partner with the other two in the ownership and operation of the business known as the Stork Club in Vallejo, and that they thereupon executed the aforesaid agreement, copy of which was attached to the complaint as Exhibit A; that the three thereupon entered into partnership and carried on the business and had ever since so continued until Caesar and Rondos breached the agreement (Exhibit A); that Essy had fully complied with the terms of the agreement, but that Caesar

and Rondos had violated it "by cancelling and withdrawing the application for transfer of said license . . ." Plaintiff Essy prayed that the partnership existing between the three men be dissolved; that an account be taken of partnership transactions; that Caesar and Rondos be decreed to pay the plaintiff such sum as the accounting should show to be due and that in the meantime a receiver be appointed to manage and conduct the business, take over all of its assets, collect and receive all moneys owing to the partnership, pay its debts, and in the end to sell the partnership assets; that the proceeds then be distributed according to the interest of the parties. Essy gave notice in the action of a motion for appointment of a receiver, supporting it by reference to the complaint and adding an affidavit of the escrow agent which stated merely that Caesar and Rondos had served notice upon him that the escrow agreement had been rescinded and had instructed him to advise the department that such action had been taken and that the transaction was of no further effect. The motion was heard. At the hearing Essy, as plaintiff, rested upon his notice of motion and the complaint and affidavit. No other evidence was introduced by either side.

█ Petitioner herein appealed from the order appointing the receiver and that appeal is pending. He also applied to this court for a writ of prohibition to prevent the respondent court from enforcing the order appointing a receiver upon the ground that the same was void as being made without jurisdiction. The receiver took possession of the business and now holds possession of all the assets and is conducting the business under the order appointing him.

At the outset it is asserted by respondent that prohibition ought not to be entertained upon the ground that the appeal is an adequate remedy, particularly in view of the provisions of section 943 of the Code of Civil Procedure authorizing a stay upon giving a bond to be fixed by the court that appointed the receiver. However, it appears that in connection with the appeal petitioner herein applied for an order of the court fixing the amount of the stay bond but, the bond being fixed, he was unable to give the bond required. We think this a proper case for the issuance of a writ of prohibition if, as contended, the order appointing the receiver is void. It is apparent that by the nature of the business being conducted its operation under a receiver is hazardous and it may well be that the vicissitudes of such a business so operated may bring about a condition that would make barren the

successful prosecution of the appeal. (Witkin, California Procedure, p. 2501.)

We have concluded that the order appointing the receiver is void. It was sought under the provisions of section 564, subdivision 1, of the Code of Civil Procedure, which provides that a receiver may be appointed "In an action . . . between partners . . . owning or interested in any property or fund, on the application of the plaintiff, or of any party whose right to or interest in the property or funds, or the proceeds thereof, is probable, and where it is shown that the property or fund is in danger of being lost, removed, or materially injured." It is apparent from the record that Essy, plaintiff in the action, does not jointly own and is not interested as an owner in the business of the Stork Club or its assets, and it is equally apparent from the record that it is neither alleged nor was it shown that if he had any interest there was any danger of that interest being lost or removed or materially injured. We have already stated that by express stipulation of the contract title to Caesar's interest in the business and its assets was not to pass until the on-sale liquor license under which the business was operated had been transferred to the new partnership. Furthermore, had the contract not contained such a stipulation the law would have supplied it, for the regulations governing the conduct of an on-sale liquor business prohibit the transfer of title to the licensed business except coincidentally with the transfer of the license. Concerning that provision the court said in *Lenchner* v. *Chase, supra,* at page 801:

". . . As we view it, the sentence 'The transfer of title to the licensed business shall coincide with the transfer of the license' is susceptible of no interpretation other than that found. True it fixes the event (and the time) when title to the business should pass but it means also that without a transfer of the license there could be no transfer of title to the *licensed* business. It can mean nothing else. The transfer of title to the business (plus license and lease) was the consideration for the payment of the $15,000 and it follows, of course, that if the business could not be transferred there would be a total failure of consideration."

Notwithstanding the allegations in the complaint that vary somewhat from the stipulations of the contract, the contract, made a part of the complaint as an exhibit thereto, is specific on the point of the time when and the conditions under which title to an interest in the business and assets would or could

pass to Essy.　　　The result, therefore, is that the order appointing the receiver was made without jurisdiction for want of the required property interest and was equally void for want of proof of the danger to a property interest involved if such interest had existed.　The requirements of the statute are jurisdictional.　As said in *In re Stein,* 14 Cal.App.2d 303, 305-306 [58 P.2d 175]:

". . . Where a complaint fails by its allegations to show that the conditions required by law have been complied with an order for the appointment of a receiver is void for all purposes.　The following cases so hold: *McCutcheon* v. *Superior Court,* 134 Cal.App. 5 [24 P.2d 911]; *Ellis* v. *Superior Court,* 138 Cal.App. 552 [33 P.2d 60]; *Bibby* v. *Dieter,* 15 Cal.App. 45 [113 P. 874] (holding that such appointment may be attacked collaterally); *A. G. Col Co.* v. *Superior Court,* 196 Cal. 604, 606 [238 P. 926]; *First Nat. Bank* v. *Superior Court,* 12 Cal.App. 335 [107 P. 322].

"The allegations in the complaint in the instant case fail to state facts that would confer jurisdiction upon the superior court to appoint a receiver, and the court was without power under such circumstances to make the order of appointment."

Let the peremptory writ issue as prayed for.

Peek, J., and Schottky, J., concurred.