[390]   *ELIJAH SWIFT, APPELLANT, v. HIRAM ARENTS et al., RESPONDENTS.

EQUITY—GROUNDS FOR RELIEF.—A bill filed by a creditor asking relief against fraudulent transfers and concealment of his property by the debtor, is a substantial ground of equity jurisdiction.

APPEAL from the Sixth Judicial District.

The complaint in this case averred that the plaintiff had recovered judgment against Arents & Co., on which an execution had been issued, and returned, no property found; that Arents & Co. had conveyed certain town lots to the other defendants to defraud creditors, and praying a sale of the property to pay the judgment; in fact, containing the substantial averments usual in a creditor's bill under the old system of practice.

The defendants demurred to the complaint, on the ground that an action of this kind would not lie under the new code; that the plaintiff must institute proceedings under the statute respecting proceedings supplementary to execution, and was confined to that sort of remedy. The District Court sustained the demurrer, and rendered judgment in favor of the defendants for costs; from which the plaintiff appealed to this Court.

*Crocker & Robinson*, for Appellant.

The statute respecting proceedings supplementary to exe-

cution (Comp. Laws, p. 564), affords merely a cumulative remedy, and does not prohibit the party from instituting an action under the code, by complaint containing the substantial averments in a creditor's bill in equity. In cases where a creditor's bill was the proper remedy prior to the code's taking effect, the remedy must now be obtained by summons and complaint under the code, as the form only of a creditor's bill is abolished by the code. (*Rogers* v. *Hew,* 2 Code, 79.) The provisions of the * new code re- [391] specting proceedings supplementary to execution, do not prevent the party from instituting an action under the code in the nature of a creditor's bill. (7 How. Pr. *Goodyear* v. *Botts; Cooper* v. *Glason,* 1 Code, N. S. 347.)

If a right exists at common law, and a new remedy is given by statute, the plaintiff may pursue either remedy, the statutory one being regarded merely as cumulative. (2 Cal. 244; 1 Chitty Gen. Pr. 25; 1 Comyn's Dig., Action upon Stat. C.; 2 Burr. 799.)

So this Court has held that a writ of error will lie to this Court, notwithstanding the statute provides a remedy by appeal.

No brief on file for Respondents.

Mr. Justice HEYDENFELDT delivered the opinion of the Court. Mr. Ch. J. MURRAY concurred.

The demurrer was improperly sustained. The bill is filed by a creditor asking relief against fraudulent transfers and concealment of his property by the debtor. This is a substantial ground of equity jurisdiction, and we see no reason for refusing to entertain it.

Judgment reversed, and the cause remanded.