Tryon *v.* Sutton.

## ANNA TRYON *v.* SUTTON *et al.*

IF no motion be made in the Court below to correct a clerical error disclosed by the pleadings, the error will be corrected in the Supreme Court at Appellant's cost.

Mere indefiniteness of description in a mortgage is no objection to its enforcement as it is written, whatever the effect of the sale under such a description. The mortgagor cannot complain.

There is little, if any, practical difference between the Court ruling out testimony upon the strength of a fact proven to the Court, and permitting the case to go to the jury, and then denying effect to such testimony, upon proof of the same fact.

A married woman cannot make an assignment of a mortgage without the concurrence of the husband. [The property was common.—REP.]

By the common law, a note payable to the wife is *prima facie* the property of the husband, and can be indorsed by him, but not by her alone.

A party dealing with a *feme* is bound to inquire into her rights and powers. The fact that papers are drawn directly to the wife does not estop either husband or wife from refusing effect to her sole act.

The case might be different if the husband represented the wife to be a *feme sole*, and with authority to deal as such with the common property, or assented to a transfer by her; but the fact that a note or mortgage is executed to her is not conclusive proof of any such representation.

Where the complaint avers that the note and mortgage sued on were made to "E," a married woman, and by her assigned to plaintiff, he cannot recover, because the right to assign was in the husband; and this, too, where the *proof* was that both husband and wife assigned the note and mortgage. In chancery cases the party must recover according to the *pleadings*, and not the proof, where there is a variance.

APPEAL from the Sixth District.

The case is sufficiently stated in the opinion.

*J. H. Ralston*, for Appellant.   The Court below erred in excluding the assignment by E. Schroeder of the two thousand dollar note and mortgage to Bertha McKay. The complaint counted on the note as payable to Mrs. E. Schroeder, and by her alone assigned to plaintiff. The fact that she had a husband is nowhere averred. Defendant admits the execution of the note to her, and sets up payment to her assignee. Under this state of pleading the defendant had a right to go to the jury upon the question whether E. Schroeder was married in fact, or whether she was a sole trader, and hence competent to assign. Defendant had a right to try his case according to the issues framed.

*Wm. S. Long*, for Respondent.   1. Error in the decree as to description of the property, cannot be taken advantage of in the Appellate Court for the first time.   2. E. Schroeder, being a *feme covert*, could not assign the mortgage. Besides, there is no proof that the note was assigned, and this could be bought by plaintiff even if the mortgage had passed to McKay.

BALDWIN, J. delivered the opinion of the Court—TERRY, C. J. concurring.

1. It is conceded by the counsel for the Respondent that there is an error in the decree in this case by an omission to give credit for one thousand dollars entered on the note. This seems to have been a clerical error, which the pleadings themselves disclose, and the Respondent is willing that it should be corrected here. As no motion was made for the correction in the Court below, the error would be corrected here at the cost of the Appellants, and the decree otherwise affirmed, if there were no other error in the record.

2. There seems to be another error in the decree, also shown by the pleadings and exhibits. In one of the mortgages attempted to be foreclosed the property is described as the south half of Lot 5, in square between J and K, Ninth and Tenth streets, and in the other mortgage, as *part of Lot, No.* 5. The decree directs the sale of the lot as first described under both mortgages, and, of course, a foreclosure of the mortgagor's title and equity. It is very true that the mere indefiniteness of the description in the mortgage is no objection to the enforcement of the mortgage as it is written, whatever the effect of the sale under such a description would be. It does not lie with the mortgagor to say that he conveyed the property by so loose or indefinite a description that no title could pass to a purchaser at a sale of the mortgaged premises. If nothing passes, it is the misfortune of the mortgagee, but the mortgagor is not hurt; if anything does pass, the mortgagee is entitled to it. But this does not meet the objection; the complaint is that, by this particular description, property is or may be made to pass or be sold which the mortgagor never conveyed. But this error, which attaches to only one of the mortgages, can be corrected by the record.

3. We have intimated that this was a bill filed to foreclose two mortgages—one made 2d April, 1856, by Joseph Sutton and wife, to Anestina Schroeder, to secure a note of two thousand dollars, due at twelve months from date, with interest; the other mortgage, made the 10th day of October, 1857, by Sutton and wife, to the plaintiff here, for one thousand dollars, to secure a note of that date, due at six months, with interest.

It seems that a jury was empanneled under the direction of the Court, who were instructed to find a special verdict. They found as follows: " We, the jurors, do not find any evidence to satisfy us that there has been any alteration in the papers since the execution." The Court reserved its judgment, and directed the Clerk to compute the amount due the plaintiff. After the Clerk had returned his report of the amount due, appears in the transcript a motion for a new trial and statement. By this it seems that the case was tried in July, 1858, by the Court, and a final decree entered for the plaintiff. The defense, in this case, was that Mrs. Schroeder, on the 21st day of August, 1857, assigned this two thousand dollar mortgage to Miss Bertha McKay, who entered satisfaction on the 10th day of October, 1857, on the records, in these words: " Satisfied in full, this 10th day of Oct. 1857, Miss Bertha McKay, assignee of Anestine Schroeder, by her Attorney in fact, R. H. Stanley."

A copy of the assignment was offered, which purports to be for the consideration of the sum of two thousand dollars, and to be an assignment of the note and mortgage, and to be made without recourse. It is signed in the presence of R. H. Stanley, by, or in the name of A. Schroeder. It purports to be acknowledged before Stanley, Notary Public, and recorded on the day of its date.

The plaintiff, in making out his case, after the introduction of the mortgage, offered the note, which was payable to Mrs. Anestine Schroeder or order, and was indorsed, " Sacramento, Nov. 13, 1857, assigned and transferred without recourse. A. Schroeder, H. R. Schroeder." After the introduction of the assignment by the defendant, the plaintiff moved to exclude it, and, for that purpose, offered evidence tending to show that Mrs. A. Schroeder was a married woman at the time of the assignment, being then and still the wife of one H. R. Schroeder. The Court heard this proof and excluded the assignment. Perhaps this was irregular. Probably it would have been more accordant with right rules of practice to permit the defendants to go on with their proof, and then, after they had closed, to have given the plaintiff the opportunity to rebut it, thus turning the question from one of the admissibility of evidence to a question of the effect of it. But no objection for irregularity seems to have been made; and there is

little, if any practical difference between the Court ruling out testimony upon the strength of a fact proven, and denying effect to such testimony upon proof of the same fact; and the failure of the defendants to except to this order and mode of proof, must be considered a waiver of objection to it.

The question then is: Can a married woman make an assignment of a mortgage without the concurrence of her husband? We say, without the concurrence of her husband, for it is not necessary to inquire whether this concurrence must, in such cases as this, be in the statutory mode required for the conveyance of the separate estate of the wife. We are not aware of any authority which holds this doctrine. It is true that the note and mortgage were made directly to the wife. But this does not show that she was a *feme sole*, nor that even this note or the mortgage, (the mere incident to it,) was her separate estate, even if this last fact would help the defense. As we have held, *prima facie*, property conveyed to, or acquired by, either spouse during the coverture, under our system, is common property, and the control and disposition of this common property is given, by statute, to the husband. The wife has no right to dispose of it. At common law, the note made payable to the wife, would, *prima facie*, be the property of the husband, who could indorse it in his own name. (Chitty on Bills, 22.) Probably the indorsement of the wife was not necessary, but it did not hurt or make less effectual the indorsement of the husband. A party dealing with a *feme* is bound to inquire into her rights and powers. She or he is no more estopped by the fact that the papers are drawn directly to her than she or he would be bound to give effect to her sole deed, if she were named as grantee in a conveyance of real estate. The case might be different if the husband expressly represented the wife to be a *feme sole*, and with authority to deal as such with the common property, or assented to this transfer by her, but this representation is not made in any such a manner as to conclude the parties by the mere fact that a note is taken to the wife, or a mortgage to secure it, executed to her: for this is consistent with the title or right of the husband.

4. Another point taken by the counsel for the Appellants is more formidable. According to the views we have taken of this

case, the sole title and right to transfer this note and mortgage were in H. R. Schroeder, the husband. The title of the plaintiff was through his assignment of the note to the plaintiff here. But the complaint does not show this title or count upon it. The proof supports it, but not the pleading. Upon the pleadings, the same case is not made as in the proofs. In a chancery case, a party has a right to insist that the legal conclusion to be deduced from the pleadings—whatever may be the proofs—shall be applied. Therefore, upon this case, so made, the plaintiff was not entitled to his decree so far as this first mortgage was concerned. The decree was wrong, therefore, as the case was presented to the Judge; for the complaint alleges that the two thousand dollar note was made to, and signed by, E. Schroeder.

But the plaintiff may have his pleadings amended so as to conform to the proofs. The bill can easily be amended, averring that the note and mortgage were made to Mrs. Schroeder, a married woman, and that Schroeder and wife indorsed the note, carrying with it the mortgage to the plaintiff.

The decree is reversed, and the cause remanded for further proceedings and a new trial, in pursuance of this opinion.

Ordered accordingly.