[S. F. No. 1112.   Department Two.—April 6, 1900.]

## GUY H. SALISBURY, Respondent, v. H. L. WILCOX et al., Appellants.

FORECLOSURE OF MORTGAGE—INSUFFICIENT DESCRIPTION OF PROPERTY IN COMPLAINT—ORDER APPOINTING RECEIVER—REVERSAL UPON APPEAL.— Where a judgment foreclosing a mortgage has been reversed upon appeal for failure of the complaint to describe the mortgaged premises with sufficient exactness to justify the foreclosure, an order appointing a receiver to take charge of the fruit crop growing upon the mortgaged premises described in the complaint must also be reversed upon a separate appeal therefrom, for want of a *res* of which, under the order, a receiver could 'take possession. The order is in legal effect the appointment of a receiver to take charge of nothing.

ID.—RESIGNATION OF RECEIVER—APPEAL FROM ORDER—EFFECT OF DISMISSAL.—The resignation of the receiver before the appeal from such order would not be ground for dismissal of the appeal, which would leave the order in full force and effect, with power in the court to appoint a substitute: and where the record does not show that the receiver had in fact resigned, or that the order complained of was not in full force and effect, the appeal therefrom will not be dismissed, but the order will be reversed.

APPEAL from an order of the Superior Court of Santa Clara County appointing a receiver. A. S. Kittredge, Judge.

The facts are stated in the opinion of the court.

Richard Belcher, for Appellants.

C. D. Wright, for Respondent.

HENSHAW, J.—In an action to foreclose a mortgage upon certain real property application was made and granted for the appointment of a receiver "to take charge of the fruit crop now standing and growing upon the mortgaged premises described in the complaint herein." The defendant mortgagor suffered default, but appealed to this court from the judgment of foreclosure given against her. She also moved the trial court to revoke its order appointing a receiver, which had been made upon *ex parte* application of plaintiff, and appealed from the court's order denying her motion. In this court plaintiff in the action, respondent upon appeal from the judgment, confessed error and submitted to a reversal of the judgment in foreclosure upon the ground and for the reason that the complaint failed to describe the mortgaged premises with sufficient exactness to warrant the imposition of a lien or to justify an order of sale. For the same reason the order appointing the receiver must also be reversed. The receiver was appointed to take charge of the fruit crop now standing and growing "upon the mortgaged premises described in the complaint herein." As it is admitted that the complaint describes no property, it follows that there is no *res* of which under this order a receiver could take possession. It is in legal effect an appointment of a receiver to take charge of nothing. A motion to dismiss this appeal is made upon the ground that the receiver had resigned before application made by appellant to the trial court to vacate the order of his appointment, but as to that, notwithstanding the resignation of the receiver, the order would remain in force with power to the court to appoint a substitute, and upon the bill of exceptions here brought up there is no showing that the receiver had in fact resigned, or that the order complained of was other than in full force and effect.

The order appealed from is, therefore, reversed.

Temple, J., and McFarland, J., concurred.