[L. A. No. 1368.   Department One.—August 20, 1904.]

## MATTESON AND WILLIAMSON MANUFACTURING COMPANY, Appellant, v. O. C. CONLEY, Respondent.

EXECUTION—GARNISHMENT—ACTION AGAINST GARNISHEE—SUPPLEMENTARY PROCEEDINGS.—A garnishment under execution will not support an action by the judgment creditor independently of proceedings supplementary to execution, and without an order in such proceedings authorizing it, to recover from the garnishee money due from him to the execution debtor. The defendant is not indebted to the plaintiff, and there is no privity or contract relation between them.

ID.—SUBSTITUTE FOR CREDITOR'S BILL—REMEDY UPON GARNISHMENT.—The proceedings supplementary to execution are a substitute for a creditor's bill, and constitute a more direct and certain remedy, which must, as a rule, be pursued by the judgment creditor in the case of a garnishment under execution.

ID.—COMPLAINT NOT A CREDITOR'S BILL.—If the statutory proceedings could be ignored, and a creditor's bill sustained by the judgment creditor against a garnishee, the complaint in the present action does not state a cause of action as a creditor's bill, for want of the necessary showing that the remedies at law have been exhausted, or that an execution has been returned unsatisfied.

APPEAL from a judgment of the Superior Court of Kern County. J. W. Mahon, Judge.

The facts are stated in the opinion.

Budd & Thompson, for Appellant.

C. L. Russell, for Respondent.

COOPER, C.—Appeal from a judgment for defendant, after a demurrer had been sustained to the plaintiff's amended complaint.

The complaint states that in August, 1897, plaintiff duly recovered a judgment in the superior court of San Joaquin County against one Carlisle for the sum of $896 and costs, and thereupon execution was issued directed to the sheriff of Kern County, who served a notice of garnishment upon this defendant, whereby all goods, moneys, and credits in the hands of, or under the control of, defendant were garnished. Defendant answered in writing, admitting the fact that he had been garnished, "covering moneys and credits due from me to J. H. Carlisle, on account of wheat crop on lands in Tulare County. It is impossible at this time to make a detailed statement of the exact condition of matters between myself and Carlisle."

The sheriff of Kern County returned the writ of execution with the written statement of defendant annexed thereto. No writ of execution was issued to the sheriff of San Joaquin County.

The complaint alleges that at the time the said writ was served on defendant he had in his possession three hundred and eighty tons of wheat belonging to Carlisle, pledged to him as security for eight thousand dollars, and that defendant afterwards sold the wheat for sufficient to pay the indebtedness due him by Carlisle, and for thirteen hundred dollars over, after satisfying the indebtedness of Carlisle. This action is brought to recover of defendant the amount due plaintiff from Carlisle, being less than the thirteen hundred dollars, which, it is alleged, is in the hands of the defendant. The question is as to whether an action can be maintained directly against a person who has been served with an execution to recover money due from such person to the execution debtor. We think the question must be answered in the negative. The defendant is not indebted to the plaintiff. At common law there is no privity between a judgment-creditor and his debtor's debtor. There is no contract relation between them, and we know of no case in which it has been held that such action would lie, in the absence of a statute authorizing

it. In place of a creditor's bill, and as a remedy more direct and certain, we have a chapter on proceedings supplementary to execution. (Code Civ. Proc., secs. 714 et seq.) Under the provisions of this chapter a debtor of a judgment-debtor may be fully examined as to property, credits, money, or other assets in his possession or under his control. Witnesses may be examined, and the judge may order any property of a judgment-debtor not exempt from execution or due to the judgment-debtor to be applied towards the satisfaction of the judgment. If it appears that the person alleged to have property of the judgment-debtor or to be indebted to him claims an interest in the property adverse to him or denies the debt, the court or judge may authorize, by an order made to that effect, the judgment-creditor to institute an action against such person for the recovery of such interest or debt. In this case the plaintiff did not attempt to comply with the provisions of said chapter concerning proceedings supplementary to execution. Defendant has not been examined concerning any property or moneys due by him to Carlisle. No order has been made as to the application of any assets of Carlisle in the hands of defendant, nor has any order been made authorizing this action. It is therefore evident that the proceedings contemplated by the code have been entirely ignored. The defendant, without having been examined or ordered to pay any money, has been sued by one to whom he is not indebted. Plaintiff does not claim that defendant is indebted to him. If he would reach property or credits in the hands of defendant for the purpose of satisfying his judgment against Carlisle, he must do so in the manner provided by law. The question has been fully discussed and decided in accordance with what has been said in *Herrlich* v. *Kaufmann,* 99 Cal. 271.[1] The proceedings supplementary to execution under our code are a substitute for a creditor's bill. (*Adams* v. *Hackett,* 7 Cal. 201; *Pacific Bank* v. *Robinson,* 57 Cal. 522;[2] *Habenicht* v. *Lissak,* 78 Cal. 357;[3] *Herrlich* v. *Kaufmann,* 99 Cal. 271.[1]) If the statutory proceedings could be ignored and we were to treat the complaint as a creditor's bill, it would fail to state facts sufficient to constitute a cause of action. The complaint does not show that the remedies at law

[1] 37 Am. St. Rep. 50.    [3] 12 Am. St. Rep. 63.
[2] 40 Am. Rep. 120, and note.

have been exhausted, or that an execution has been returned unsatisfied. This is necessary, with certain exceptions, of which this is not one. (Freeman on Executions, sec. 428, and notes; *Pacific Bank* v. *Robinson,* 57 Cal. 522;[1] *Mesmer* v. *Jenkins,* 61 Cal. 153; *Herrlich* v. *Kaufmann,* 99 Cal. 271.[2]) In support of the right to maintain the action appellant cites *Roberts* v. *Landecker,* 9 Cal. 262, and *Carter* v. *Los Angeles Nat. Bank,* 116 Cal. 370. In the former case the question was as to the liability of a garnishee on attachment, and the decision was placed upon the ground that the section (Practice Act, sec. 127) "makes the garnishee liable to the plaintiff in the attachment suit for the amount of such property, unless the same be delivered up or transferred to the sheriff." The latter case followed the former as to the liability of a garnishee on attachment. It expressly refers to *Herrlich* v. *Kaufmann,* 99 Cal. 271,[2] and shows the distinction between the liability of a garnishee under an attachment and under an execution. After referring to the supplementary proceedings under execution, it is said in the opinion: "Nothing of that kind is provided for under the proceedings on attachment in this state. On the contrary section 544 [Code Civ. Proc.] provides that the garnishee shall be directly liable to the attaching creditor for the amount of such credits, property, or debts, until the attachment is discharged or any judgment recovered by him be satisfied."

The judgment should be affirmed.

Gray, C., and Harrison, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.    Shaw, J., Angellotti, J., Van Dyke, J.

---

[1] 40 Am. Rep. 120, and note.    [2] 37 Am. St. Rep. 50.