[Civ. No. 4433. Second Appellate District, Division Two.—August 10, 1927.]

GRACE SHAFER, Appellant, v. J. T. FISHER et al., Defendants; J. T. FISHER, Respondent.

Benjamin Lewis, J. Gordon Mills and Charles P. Huey for Appellant.

Lloyd W. Moultrie for Respondent.

THOMPSON, J.—The complaint in this action is in the form of a common count for money had and received by the defendants J. T. Fisher and the General Packing Corporation from the plaintiff. The judgment was that plaintiff have and recover from the defendant the sum of $1,672.27, together with interest and costs, and that the defendant Fisher have and recover of plaintiff his costs. The appeal is from the judgment entered in favor of the defendant J. T. Fisher.

The facts as developed by the testimony are: That at the time the money was loaned by Karl F. Ross, acting as agent for the plaintiff, the defendant Fisher was assistant treasurer of the defendant corporation. A few days before the loan of $1,000 by plaintiff, the defendant Fisher advanced to the corporation $1,000 upon the understanding with one Scott, the president of the corporation, that when the $1,000 was received from Ross, defendant should reimburse himself with the moneys. Accordingly, when the two checks amounting to $1,000 were received by the defendant Fisher they were indorsed by him and deposited in his account. Alto-

gether the plaintiff loaned to the corporation through her agent, Dr. Ross, the sum of $2,000, part of which had been repaid, leaving a balance evidenced by three promissory notes received and held by plaintiff, for the face of which the judgment was entered against the corporation. Two of the notes, aggregating $1,060, bore indorsements the first of which read, "General Packing Corp., J. T. Fisher Ass't. Treas.," and the other, "General Packing Corp., by J. T. Fisher, Ass't. Treas."

The plaintiff claims that the defendant Fisher had no authority to deposit the two checks in his own account, and that therefore this particular transaction is void, or at least voidable, and that the corporation having failed to have it so declared, that plaintiff as a creditor of the corporation has that right. She also contends that the defendant Fisher is personally liable by reason of the indorsements heretofore noticed, and, further, that the defendant Fisher being a creditor of the defendant corporation, could not obtain a preference over other creditors.

Regardless of the merits of these assertions on the part of appellant, she cannot successfully assert them under the issues framed by the pleadings. There is no suggestion in the complaint that plaintiff has exhausted her legal remedy as against the corporation, nor any allegation that the defendant corporation was insolvent, nor that the defendant Fisher had secured any preference. A necessary prerequisite to the maintenance of a creditor's bill are allegations showing that the legal remedies have been exhausted or are unavailing. (*Herrlich* v. *Kaufmann*, 99 Cal. 271–277 [33 Pac. 857]; *Matteson etc. Mfg. Co.* v. *Conley*, 144 Cal. 483–485 [77 Pac. 1042].)

Nor is the plaintiff in a position to assert respondent's liability upon the indorsements, or either of them, upon the notes. Action was not brought upon the notes nor against this respondent upon the indorsements. There are no allegations of any character by which the defendant Fisher could be apprised that plaintiff sought to charge him as an indorser, or that any negotiable instrument was involved or had been presented or dishonored. While the modern tendency of the courts is toward liberality of pleading, it has never been suggested that a plaintiff should be permitted, upon pleading one cause of action, to prove and

recover upon an entirely different cause, without giving notice to his adversary or opportunity to defend.

Judgment affirmed.

Works, P. J., and Craig, J., concurred.