[Civ. No. 9094.   Second Appellate District, Division One.—August 22, 1933.]

L. T. McCUTCHEON, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Joseph J. Rifkind and Raphael Dechter for Petitioner.

Everett W. Mattoon, County Counsel, and J. F. Moroney, Deputy County Counsel, for Respondents.

HOUSER, J.—It appears that in a certain action pending in the Superior Court of Los Angeles County judgment was rendered in favor of the plaintiff therein and against the corporation defendant therein for the principal sum of $3,463, and that thereafter a writ of execution which was issued on said judgment was duly returned "wholly unsatisfied". Thereupon the plaintiff in that action instituted another and separate suit, termed a "creditor's bill", against the said corporation for the sole asserted purpose of having a receiver appointed to administer the assets mentioned and described in the complaint in said suit, together with the business of the corporation, to the end that the proper and legal claims of all creditors of said corporation, including that of the plaintiff, be satisfied and paid. The answer of the defendant corporation in said suit "admits all and singular the allegations of the complaint, and hereby consents to the appointment of a receiver". In due course the petitioner herein was appointed such receiver, who thereupon, and for a period of more than one year thereafter, proceeded to and did administer the affairs of said corporation and conduct its business. After the expiration of more than one year's service by petitioner as such receiver as aforesaid, a judge of the superior court, in whose department thereof the said suit was pending, "did summarily, upon his own motion as judge of the superior court, vacate

the order theretofore made appointing said receiver and discharged said receiver on the ground that said court in said action had no jurisdiction to appoint a receiver''; and thereafter, on the presentation by said receiver to said court of his report, account and petition for discharge as such receiver, the said judge sitting as said court ''declined to hear such report and account, or to discharge said receiver and exonerate his bond on the ground that the court had no jurisdiction in said action to appoint said receiver''. In such circumstances, on an application by petitioner, this court issued its alternative writ of mandate by which the said judge and the said court, as respondents herein, were required either to proceed with the hearing of the said report, account and petition for the discharge of said receiver, or, on a specified date, to show cause why compliance had not been made with said order.

The effect of the answer and the argument presented by the respondents herein is that in the face of the facts and the pleading, as shown by the complaint in the suit called a ''creditor's bill'', the superior court was without jurisdiction to appoint a receiver; that any acts performed by the receiver in the performance by him of his assumed official duty as such were in law unauthorized and void; and consequently that neither the respondent court nor the judge thereof now may be required to proceed further either in the hearing, the settlement, or the approval of the report, account and discharge of said receiver, or otherwise, or at all.

In effect, by the terms of subdivision 4 of section 564 of the Code of Civil Procedure, a receiver may be appointed by the court in which an action is pending ''after judgment . . . in aid of execution, when an execution has been returned unsatisfied, . . . ''

As hereinbefore indicated, in the action which gave rise to the instant application, the procedure suggested for the purpose of inducing appropriate action for the appointment of a receiver was by means of a ''creditor's bill''. In section 106, volume 1, Pomeroy's Equitable Remedies, it is stated that ''it has been held, in many cases, that in a judgment creditor's suit, on the return of the execution unsatisfied, it is almost a matter of course to appoint a receiver to collect and preserve the judgment debtor's property pending the litigation''. (Citing authorities.) And, as is said

in 11 California Jurisprudence, page 146: "Under the old system of practice when a judgment creditor had exhausted the remedy by writ of execution, he had a right to invoke the jurisdiction of a court of equity by a proceeding known as a creditor's suit for the purpose of compelling a discovery of assets, tangible or intangible, and applying them to the satisfaction of his execution. And formerly this was the only method of reaching assets which could not be seized on execution. Supplementary proceedings were created to provide an easier and less expensive method of reaching the same result, and are intended as a substitute for creditors' suits. This being so, resort must be had to supplementary proceedings, unless in exceptional cases in which the legal remedies are unavailing." (Citing authorities.)

By the terms of sections 714 to 723, inclusive, of the Code of Civil Procedure, commonly known as proceedings supplemental to execution, a complete procedure at law is provided by which may be obtained results similar in purpose and effect to those intended by the more cumbersome method authorized by the provisions of section ·564 of the Code of Civil Procedure, which, as just stated, contemplate the filing of a creditor's suit and the consequent appointment of a receiver. In each of a number of cases decided by the Supreme Court of this state it has been declared that the statutory proceeding supplemental to execution was intended as a substitute for a creditor's bill. (*Adams* v. *Hackett,* 7 Cal. 187, 201; *McCullough* v. *Clark,* 41 Cal. 298, 302; *Pacific Bank* v. *Robinson,* 57 Cal. 520, 522 [40 Am. Rep. 120]; *Habenicht* v. *Lissak,* 78 Cal. 351 [20 Pac. 874, 12 Am. St. Rep. 63, 5 L. R. A. 713]; *Herrlich* v. *Kaufmann,* 99 Cal. 271, 275 [33 Pac. 857, 37 Am. St. Rep. 50]; *Matteson etc. Co.* v. *Conley,* 144 Cal. 483, 485 [77 Pac. 1042]; *Nordstrom* v. *Corona City W. Co.,* 155 Cal. 206, 211 [100 Pac. 242, 132 Am. St. Rep. 81]; *Travis Glass Co.* v. *Ibbetson,* 186 Cal. 724, 727 [200 Pac. 595]; *Bonner* v. *Lehfeldt,* 39 Cal. App. 649, 653 [179 Pac. 722]; *McKenzie* v. *Hill,* 9 Cal. App. 78, 80 [98 Pac. 55].)

And although the statutory provisions may contain no express authorization for the appointment of a receiver in aid of the purpose to be effected, as early as 1864, in the case of *Hathaway* v. *Brady,* 26 Cal. 581, 593, it was ruled by the Supreme Court of this state (syllabus) that "in pro-

ceedings supplementary to execution, the court has power, when it has all the parties before it, to appoint a receiver". That that principle has been recognized and established is attested by Professor Pomeroy in volume 1 of Pomeroy's Equitable Remedies, section 110, where it is said: "Proceedings supplementary to execution being designed to be a substitute for the equity procedure by creditors' bill, receivers are appointed in such proceedings very much as a matter of course, where it appears that the judgment creditor (debtor) has, or probably has, property that ought to be subjected to the satisfaction of the judgment, after the return of the execution unsatisfied."

But aside from such implied equity power, the express, statutory, power of the court is ordinarily ample and affords abundant and practicable relief in the premises in a less cumbersome and more economical manner, not only as such procedure may affect the court, but as well the litigants. Considered, then, as a full and complete substitute for a creditor's suit, the question arises as to whether the statutory remedy ordinarily supplants the remedy afforded by equity.

The ordinary rule is that where the law affords a remedy, equity will not assume jursidiction; but in some jurisdictions, even with recognition being given to such rule, it has been held that, in the absence of statutory provision by which the pre-existing equitable jurisdiction is either expressly or impliedly denied, the equitable remedy may be invoked. (*Crass* v. *Memphis & C. R. Co.*, 96 Ala. 447 [11 So. 480]; *Greil Bros. Co.* v. *City of Montgomery*, 182 Ala. 291 [62 So. 692, Ann. Cas. 1915D, 738]; *Chapman* v. *American Surety Co.*, 261 Ill. 594 [104 N. E. 247]; 1 Pomeroy's Equity Jurisprudence, 279, 280.) And in one case, it has been held that the statutory proceedings supplementary to execution do not exclude the equitable remedy by creditors' suit. (*Enright* v. *Grant*, 5 Utah, 334 [15 Pac. 268].) But quite to the contrary, see *MacLaury* v. *Hart*, 121 N. Y. 636 [24 N. E. 1013], where it was said that "a court of equity is never at liberty to draw to its general jurisdiction a question remitted to a competent and sufficient authority by express command of a statute, unless under some very exceptional circumstances, which do not exist here".

As an introductory statement to section 2295, volume 5, Pomeroy's Equity Jurisprudence, it is said: "It is a necessary result from the whole theory of the creditors' suits that jurisdiction in equity will not be entertained where there is a remedy at law; but such remedy, in order to oust and prevent jurisdiction in equity, must be in all respects as satisfactory as the relief furnished by a court of equity." (Citing authorities.)

Notwithstanding the apparent contrariety of opinion with reference to the question which exists as between various respective jurisdictions, by weight of authority therefor the rule in this state appears to be well settled that if statutory proceedings supplemental to execution of a judgment furnish adequate relief they are exclusive of the equitable remedy afforded by means of a creditor's suit. (7 Cal. Jur. 800 et seq.) However, as indicating a contrary view, especially as applied to alleged fraudulent transfers of property by the judgment debtor, see *Swift* v. *Arents,* 4 Cal. 390.

In the case of *Phillips* v. *Price,* 153 Cal. 146, 148 [94 Pac. 617, 618], it is said: "That since our statutes have provided a method of reaching such assets by supplementary proceedings, there is no longer, in cases where the statutory method is adequate, any ground for the interposition of equity." And in *Herrlich* v. *Kaufmann,* 99 Cal. 271, 276 [33 Pac. 857, 859, 37 Am. St. Rep. 50], in effect the rule is announced that a creditor's suit will not lie, except "in those exceptional cases in which it appears that equity must be invoked because legal remedies are unavailing". See, also, *Matteson etc. Mfg. Co.* v. *Conley,* 144 Cal. 483 [77 Pac. 1042]; *Emmons* v. *Barton,* 109 Cal. 662 [42 Pac. 303].

The allegations in the complaint of the creditor's suit upon which the plaintiff relied for the appointment of the receiver were as follows:

"That said defendant corporation is engaged in the business of drilling an oil well at Venice, California, and has drilled such oil well which is located on the following described property, Lot One (1), Block 'Q', Ocean Strand Tract, Venice, California, to a depth of 5765 feet; that said defendant corporation expects to obtain production at a depth of 4500 feet; that said well of said defendant corporation is in proven territory, and is surrounded by producing oil wells; that said well, if placed on production,

will have an estimated capacity of 400 barrels of oil per day; that said defendant corporation has expended to date the sum of $60,000.00 in the drilling of said well to its present depth.

"That plaintiff herein is a judgment creditor of the defendant corporation in the amount of $3463.00; that execution has been issued on said judgment and returned unsatisfied; that plaintiff is informed and believes and therefore alleges that said defendant corporation has liabilities outstanding in the amount of $18,000.00; that if said well is placed on production it will be possible to pay and discharge all such liabilities; that if said well is permitted to be placed on production said well will have a market value of $120,000.00; that the corporation is now without any cash or liquid funds; that said property is now in the possession of the County Assessor and is advertised for sale on July 21, 1931, for the nonpayment of taxes; that there are unpaid claims of laborers who are pressing for payment and threatening attachment proceedings; that numerous creditors have threatened to cause attachments to be levied and the sheriff placed in charge of said property; that if said property is permitted to be sold at such tax sale and if such property is permitted to be levied upon by creditors through attachment and execution proceedings the assets of said defendant corporation will be dissipated and wasted and the creditors receive practically no payments on their obligations; that plaintiff is informed and believes that an arrangement can be worked out whereby the necessary money to complete said well can be borrowed if a receiver is appointed and the attachment creditors and the county assessor restrained from making any sales; that it is impossible for the defendant corporation to make such financing on account of such threatened attachment proceedings by creditors."

An examination of such pleading reveals the fact that the situation there presented was not one wherein adequate relief was impossible of attainment through the employment of the means made available to the plaintiff by the terms of the statutes to which reference has been had. Moreover, aside from the general allegation "that execution has been issued on said judgment and returned unsatisfied", the so-called complaint is silent as to whether at any time pre-

ceding the filing of the suit the judgment creditor availed himself of the remaining remedy or remedies afforded him by the provisions of the statutes. Specifically, and waiving the question of the assumed right of the appointment of a receiver as an ultimate implied right arising from such statutes, as hereinbefore has been indicated might accrue to the plaintiff, the complaint is destitute of any allegation of fact showing either the institution, or the pursuit, of any "proceedings supplemental to execution", as outlined in sections 714 to 723, inclusive, of the Code of Civil Procedure. But more than that, although in apparent recognition of the provision expressed in subdivision 4 of section 564 of the Code of Civil Procedure to the effect that before a receiver may be appointed in proceedings in aid of execution, as hereinbefore set forth, the complaint contained the allegation that execution had been returned unsatisfied,—the complaint contained additional allegations in substance that the judgment debtor was the owner of an oil-well "in proven territory . . . surrounded by producing oil wells", which well had been drilled to a depth of 5,765 feet, and "if placed on production will have an estimated capacity of 400 barrels of oil per day; . . . that said defendant corporation has expended to date the sum of $60,000 in the drilling of said well to its present depth". From the pleading itself, it thus becomes manifest that, notwithstanding the general rule regarding the conclusiveness of the return of a writ to the effect that no property can be found of which the judgment debtor is the owner, the admitted fact with regard to the actual ownership by the defendant of property upon which the writ of execution might have been levied and upon a sale of which property, at least in part the judgment might have been satisfied, should result in a conclusion that the statutory prerequisite preliminary to the filing of a creditor's suit regarding the implied inability of the plaintiff to satisfy his judgment from the sale of property belonging to the defendant, in fact had not been met or complied with by the plaintiff.

It must be apparent that the ultimate purpose in placing a writ of execution in the hands of the sheriff is to realize a satisfaction of the judgment. His return to the writ "wholly unsatisfied" is at least an indication that no property belonging to the judgment debtor can be found.

Ordinarily such a return is regarded as conclusive of such fact; but manifestly where the person who has a right to rely upon that fact sets up other independent facts which utterly repudiate the fact that the judgment debtor has no property subject to execution, it would be but a travesty to permit a conclusion arising from the sheriff's return to the writ to prevail.

From all the foregoing, and in the instant circumstances, it follows not only that the "creditor's bill" was improperly brought, but as well, if not for other reasons unnecessary to be here noticed, that it failed to state a cause of action. The fact that the corporation had consented to the appointment of a receiver of its assets and business is wholly immaterial to the question of whether the court thereby acquired jurisdiction. (*Elliott* v. *Superior Court*, 168 Cal. 727 [145 Pac. 101]; 22 Cal. Jur. 458, and authorities there cited.)

Where a complaint fails to state a cause of action, an order by the court by which a receiver is appointed therein is of no validity. (*Hobson* v. *Pacific States Mercantile Co.*, 5 Cal. App. 94 [89 Pac. 866]. See, also, *Salisbury* v. *Wilcox*, 128 Cal. 347 [60 Pac. 979]; *Lewis* v. *Shaw*, 77 Cal. App. 99 [246 Pac. 86]; *Col Co.* v. *Superior Court*, 196 Cal. 604 [238 Pac. 926].)

The order appointing the receiver being void, it follows that any subsequent order which might be made by the court based upon the assumed validity of its former order, likewise would be invalid. (*Sullivan* v. *Gage*, 145 Cal. 759 [79 Pac. 537]; *Grant* v. *Los Angeles etc. Ry. Co.*, 116 Cal. 71 [47 Pac. 872].)

This court has neither the authority to direct, nor the inclination to require, the lower court to perform a void act. It follows that the alternative writ heretofore issued herein should be discharged. It is so ordered.

Conrey, P. J., and York, J., concurred.