[Civ. No. 9811. First Appellate District, Division Two.—June 14, 1935.]

ESTHER SMEDBERG, as Trustee in Bankruptcy, etc., et al., Appellants, v. ARTHUR H. BEVILOCKWAY, Respondent.

Marvin Sherwin for Appellants.

Torregano & Stark and August B. Rothschild for Respondent.

STURTEVANT, J.—To the first count contained in plaintiffs' amended complaint, the trial court sustained a general demurrer and at the same time denied the plaintiffs the right to amend. From the judgment entered thereon the plaintiffs have appealed.

In the count to which the demurrer was sustained the plaintiffs alleged that the defendant is the husband of Margaret Bevilockway; that on January 25, 1933, the plaintiff H. A. Brooks obtained a judgment against Margaret Bevilockway in the sum of $8,837.35 for damages arising out of an automobile accident; that on June 8, 1933, Margaret Bevilockway filed a voluntary petition in bankruptcy, was adjudged a

bankrupt, and Esther Smedberg was appointed trustee; that H. A. Brooks presented and proved his claim; that Arthur Bevilockway and Margaret Bevilockway owned community property which is in the possession of the defendant; that a part of said property was acquired by said community prior to July 29, 1927; that a part was acquired subsequently and prior to June 8, 1933; and that a part was acquired after June 8, 1933; that in the bankruptcy proceedings claims have been proved in the sum of $9,005.35, and that the assets in the hands of the trustee amount to $20 and no more. The allegations are followed by a prayer that the court determine (1) the amount of the community property in the possession of the defendant which was acquired after July 29, 1927, and prior to June 8, 1933, and order the defendant to deliver one-half thereof to Esther Smedberg, and (2) that the court determine (a) the amount acquired between July 29, 1927 and June 8, 1933, and order defendant to deliver to plaintiffs one-half thereof, and (b) the amount acquired before July 29, 1927, and the amount acquired after June 8, 1933, and impress a lien thereon.

As the rights of the two plaintiffs are not necessarily the same we will discuss the case separately as presented by each plaintiff. The pleading was as to the plaintiff H. A. Brooks, in the nature of a creditor's bill. But the pleading does not purport to state any facts showing that the plaintiff H. A. Brooks has exhausted his legal remedies. Therefore it is insufficient as to this plaintiff. (*Matteson etc. Mfg. Co.* v. *Conley*, 144 Cal. 483 ['77 Pac. 1042].) If it be claimed that because the defendant's wife has filed a petition in bankruptcy this plaintiff was thereby excused from pursuing his legal remedies because they were unavailing (*Shafer* v. *Fisher*, 85 Cal. App. 43 [258 Pac. 651]) the claim carries him out of court, because it then becomes manifest that any right he had has devolved on the trustee in the bankruptcy proceedings. (7 C. J. 113.) Thereafter the trustee in bankruptcy was the sole party in interest to commence and maintain actions in behalf of the bankrupt estate. (7 C. J. 260.)

We come now to consider the case as made by the plaintiff Esther Smedberg, as trustee in bankruptcy. As set forth in the complaint filed by her the claim runs to one-half of the community property of Mr. and Mrs. Bevilockway accumulated (1) after July 29, 1927, and prior to June 8, 1933,

and (2) the impressing of a lien on that acquired prior to July 29, 1927, and that acquired subsequent to June 8, 1933. But it is not claimed that either before or after the enactment of section 161a of the Civil Code the community property or the separate property of the husband was liable for the contracts of the wife made after marriage unless secured by a pledge or mortgage thereof executed by the husband. The statute provides it was not. (Civ. Code, sec. 167.) But this plaintiff does claim that the wife's interest in the community property is liable for the wife's torts and the plaintiff seeks to so charge that portion of the community property. In other words, the trustee seeks to force a division, whether operative now or in the future. The judgment above mentioned in favor of H. A. Brooks was rendered in an action maintained under section 171a of the Civil Code. It is as follows: "For civil injuries committed by a married woman, damages may be recovered *from her alone,* and her husband shall not be liable therefor, except in cases where he would be jointly liable with her if the marriage did not exist." That the liability under said judgment was not against both husband and wife nor was it against the husband is clear. We do not understand the plaintiffs to contend to the contrary. However, as above stated the plaintiffs seek to hold the wife's interest in the community property in liquidation of said judgment. Can it be so segregated and applied? At the instance of the wife her interest could be segregated by a mutual contract between her and her husband (Civ. Code, sec. 158) ; or in a divorce action (Civ. Code, sec. 146) ; or a separate action based on a divorce action (*De Godey* v. *Godey,* 39 Cal. 157) ; or, on her death, by reason of the provisions of her will. (Prob. Code, sec. 201.) Our statutes provide no other methods. There are authorities to the effect that neither husband nor wife, except as we have recited, can force a division of the community property by partition (Freeman on Partition and Co-tenancy, sec. 445), nor by a proceeding in equity. (*Martin* v. *Martin,* (Tex. Com. App.) 17 S. W. (2d) 789.) In the case of *In re Landis,* 41 Fed. (2d) 700, the court quoted from section 110 of the Bankruptcy Act as follows:

" '(a) The trustee of the estate of a bankrupt . . . shall . . . be vested by operation of law with the title of the bank-

rupt, as of the date he was adjudged a bankrupt, . . . to all . . .

" ' (5) property which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him.' U. S. C. A., title 11, sec. 110 (a) (5)." And then it said:

"The property which passes to the trustee in all such cases is governed primarily by the federal statute previously set forth herein. It specifies two classes of property of the bankrupt which by operation of law is vested in the trustee; viz., (1) all property which, prior to the filing of the petition, the bankrupt could by any means have transferred; (2) all property which, prior to the filing of the petition, might have been levied upon and sold under judicial process against him. In determining what property falls within these classes we are to be governed by the laws of Illinois, due to the fact that the trust was created, and is being administered, and the property involved is situated in that state. *In re Twaddell*, (D. C.) 110 F. 145; *In re Moore*, (D. C.) 22 F. (2d) 432." ▉ Now under the laws of California, except to her husband, a wife may not convey her interest in the community property. (*Peiser* v. *Griffin*, 125 Cal. 9, 12 [57 Pac. 690]; *Tryon* v. *Sutton*, 13 Cal. 490, 493; *Landers* v. *Bolton*, 26 Cal. 393, 420.) As she may not dispose of her interest the same is not subject to attachment. (*Howell* v. *Foster*, 65 Cal. 169 [3 Pac. 647].) Nor is it subject to sale under a writ of execution. (Freeman on Executions, sec. 172b.)

Moreover, we have shown above under the laws of this state neither spouse can force a division of the community property except as a collateral issue in a divorce proceeding. That being so the trustee in the bankruptcy proceedings of one of the spouses cannot do so, because such trustee has no better title or right in property than the bankrupt himself. (*In re Place*, 224 Fed. 778.)

It will be conceded at once that far more protecting guards have been placed by the legislature about the community property of husband and wife than about the interests of tenants in common. Furthermore, that portion of the Bankruptcy Act which we have quoted above was a part of that statute when it was enacted in 1898. Other portions of the act have been amended from time to time. But the passage quoted has been continued down to date. However, as early

as 1908 the Supreme Court of Florida held that a trustee in bankruptcy could not maintain a partition proceeding against tenants in common. (*Hobbs* v. *Frazier*, 56 Fla. 796 [47 So. 929, 131 Am. St. Rep. 179, 16 Ann. Cas. 558, 20 L. R. A. (N. S.) 105].) In the year 1910 the Supreme Court of Ohio rendered a similar decision. (*Lindsay* v. *Runkle*, 82 Ohio St. 325 [92 N. E. 489, 137 Am. St. Rep. 781, 29 L. R. A. (N. S.) 659].) Nevertheless no amendment to the statute has been made enlarging the powers of the trustee in such matters. While the instant case is not a proceeding in partition, it will not be denied that it would have the same general effect.

Under the common law there existed what were known as estates by entireties. (30 C. J. 564.) They exist in several of our sister states. They have many characteristics in common with the estate in California which we call community property. A comparison (30 C. J. 564 and 31 C. J. 79) shows they differ in only a few characteristics—no one of which is important so far as the rights and duties of a trustee in bankruptcy are concerned. However, it has been held that on the bankruptcy of one spouse his or her trustee in bankruptcy takes no title to an estate by the entirety. (7 C. J. 116; *In re Berry*, 247 Fed. 700, 706; *McMullen* v. *Zabawski*, 283 Fed. 552, 556.) "Where the reason is the same, the rule should be the same." (Civil Code, sec. 3511.)

For each of the reasons which we have stated above we think it is clear the plaintiff, Esther Smedberg, as trustee in bankruptcy was not authorized to maintain this action.

The judgment appealed from is affirmed.

Nourse, P. J., and Spence, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 12, 1935.