[Civ. No. 11876.   First Dist., Div. Two.   Nov. 28, 1941.]

H. STANIELS, Appellant, v. IRMA ELIZABETH COPE-
LAND, Respondent.

Robert E. Hatch, Carl Conradi, Jr., and Charles H. Mc-
Donald for Appellant.

James L. Feely and Reginald M. Watt for Respondent.

NOURSE, P. J.—Plaintiff sued in equity upon what is termed a creditor's bill to adjudge a transfer of real property fraudulent and to impress the property by execution and sale to the discharge of an existing indebtedness. A demurrer to the complaint, both general and special, was sustained without leave to amend. The appeal from the judgment raises the single point: "Did the complaint in this case state a cause of action?"

The complaint alleges that on October 7, 1932, plaintiff's assignor obtained a judgment against defendant and her mother; that said judgment has not been paid; that in February, 1939, plaintiff obtained an order of court permitting him to enforce the judgment; that in October, 1933, the defendant filed a petition in bankruptcy and was duly discharged of all liability on February 26, 1934; that in November, 1938, defendant's mother made a gift deed to her of certain real property and thereafter deceased, leaving no other property or assets. Upon information and belief it is then alleged that the transfer was fraudulent and without consideration. But it is also alleged that at no time was the property exempt from execution under the judgment of plaintiff's assignor.

The demurrer was properly sustained. The defendant's obligations under the judgment were discharged by the order in bankruptcy. If plaintiff had any cause of action against the mother of defendant that action could be maintained against the legal representative of the deceased only. (Sections 579, 580 of the Probate Code.) Here the complaint pleads a judgment enforceable against the decedent alone; it also pleads the non-liability of the only defendant sued. The estate of the decedent is therefore a necessary and indispensable party to the litigation, and until those proceedings are had no cause of action is stated against the grantee under the deed; and until the creditor has exhausted his legal remedies, he may not sue in equity. (7 Cal. Jur. 802, 804, 805; *Smedberg* v. *Bevilockway*, 7 Cal. App. (2d) 578, 580 [46 Pac. (2d) 820].) The appropriate remedy, therefore, was a creditor's bill against the estate of the grantor. But such a bill must plead that the legal remedies have been exhausted. Here the bill pleads that "at no time herein concerned was said real property exempt from

execution issuable upon said judgment." The pleader has thus closed the door to any equitable relief.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.